A91A0495. TURNER v. WALKER COUNTY et al.
(408 SE2d 818)

BANKE, Presiding Judge.

Acting individually and as next friend of her three minor children, Turner brought suit against Walker County and its Commissioner to recover for the alleged wrongful death of her husband. She brings this appeal from an order granting summary judgment to the defendants and dismissing her complaint.

The decedent had received a probationary sentence for a misdemeanor, pursuant to which he was required to complete 80 hours of community service work. His probation officer averred that because the decedent told him he was an experienced heavy equipment operator and expressed a desire to perform work of that nature which was available at the Walker County landfill, he assigned him that duty as his community service work. Before beginning this work, the decedent signed a document captioned, "Georgia Department of Corrections Community Service Agreement," which provided in pertinent part as follows: "I will assume liability for any bodily or personal injury received as a result of performing this community service. I will not institute any proceedings against the AUTHORITY [defined as "any court approved agency"] or its Insurers, Court Officials, Probation Officers or any party associated with the Community Service in law or equity in any Federal Court, State Court, Administrative Court or Worker's Compensation Board because of any injury arising out of this community service or because of any injury sustained while going to or from any location where such community service is or is to be performed."

Subsequently, a county-owned front-end loader being operated by the decedent at the landfill overturned, pinning him beneath it and killing him. It was alleged in the complaint that this vehicle had not been equipped with "roll bars or similar protective devices" and that the decedent's death had occurred "[a]s a direct and proximate result of the reckless disregard and conscious indifference of the [appellees] of peril occasioned by their use of inferior and unsafe equipment." It was revealed during the course of discovery that the vehicle was approximately 20 years old when the county purchased it in 1987 and that the county maintained a liability insurance policy covering both it and the landfill premises in the amount of $500,000 per occurrence. *Held:*

1. The trial court properly concluded that the agreement signed by the decedent established a complete defense to the present action.

"The . . . pertinent issue is whether plaintiffs may bring a cause of action if deceased himself would have been barred by the covenant not to sue. The answer under Georgia law is plainly no. Although it is true that the action created by the wrongful death statute is different from the cause of action which [the decedent] would have possessed had he lived, any defense which would have been good against [the decedent] is good against his representatives in a wrongful death action. . . . [Thus,] 'no recovery could be had unless the deceased in his lifetime could have maintained an action for damages for the injury to him, and that any defenses good as against the deceased would be good as against the action brought by the beneficiaries.' *Thompson v. Watson*, 186 Ga. 396, 401 (197 S.E. 774) (1938). [Cits.]" *Wade v. Watson*, 527 FSupp. 1049, 1052 (N.D. Ga. 1981), aff'd, 731 F2d 890 (11th Cir. 1984).

2. The county acknowledges that "an exculpation provision like the one in this case does not relieve one from liability for wilful or wanton conduct," *Hawes v. Central of Ga. R. Co.*, 117 Ga. App. 771, 772 (162 SE2d 14) (1968); and the record in the case reveals that the appellant's allegations of "reckless disregard and conscious indifference" on the part of the county have not been negated. However, the county contends that the doctrine of sovereign immunity nevertheless constitutes a bar to any claim against it based on such conduct because the liability insurance policy in question does not provide coverage for such conduct. See *Dugger v. Sprouse*, 257 Ga. 778 (364 SE2d 275) (1988). We are unable to determine from the record before us whether or not the policy in question in fact contains such an exclusion. In the event it does not contain such an exclusion, then sovereign immunity would be waived with respect to liability resulting from wilful and wanton misconduct, and material issues of fact would remain for trial. Because it is not apparent as a matter of law from the record whether the county's insurance covers liability for such misconduct, we hold that the trial court erred in granting the county's motion for summary judgment as to this aspect of the appellee's claim.

3. Punitive damages are not available in a wrongful death action. See *Truelove v. Wilson*, 159 Ga. App. 906 (2) (285 SE2d 556) (1981). Thus, even in the event it is ultimately determined that the county has liability insurance coverage for wilful and wanton misconduct, its motion for summary judgment was properly granted with respect to the punitive damage claim.

*Judgment affirmed in part and reversed in part. Sognier, C. J., and Carley, J., concur. Beasley, J., disqualified.*

DECIDED JULY 8, 1991 —
RECONSIDERATION DENIED JULY 22, 1991 — 

*Bruce & Hentz, William D. Hentz,* for appellant.
*Watson & Dana, Dennis D. Watson, Frederick M. Milligan,* for appellees.