A99A0475. DEPARTMENT OF HUMAN RESOURCES
v. MITCHELL.
(518 SE2d 440)

ANDREWS, Judge.

Ronald Paul Mitchell was severely injured while working at Southwestern State Hospital (the hospital) in a community service program as a court-ordered condition of being allowed to serve his sentence for criminal trespass on probation. Mitchell sued the Georgia Department of Human Resources (DHR), which operated the hospital, claiming under the Georgia Tort Claims Act (GTCA) that the DHR, through its employees at the hospital, negligently caused his injuries. After a jury rendered a verdict in favor of Mitchell in the amount of $1,514,982, the trial court entered a judgment reducing the verdict to $1,000,000 under § 50-21-29 of the GTCA. The DHR appeals.

Mitchell was charged with burglary and entered a negotiated

plea of guilty to the offense of criminal trespass. As part of the sentence imposed, Mitchell was ordered to serve 12 months on probation and perform 80 hours of community service work. The community service work was ordered as a condition of probation pursuant to the provisions of OCGA §§ 42-8-70 through 42-8-74 (the community service act), which sets forth procedures governing work by probationers for public or private agencies approved by the court to participate in a community service program. The DHR hospital was an agency approved by the superior court for participation in a community service program. While performing community service work at the DHR hospital under the direction and supervision of hospital employees, Mitchell suffered severe injuries when he fell from a truck being operated by a hospital employee.

Mitchell sued the DHR under the GTCA alleging it was liable for the negligence of its employees in failing to properly supervise him and in failing to properly operate the truck, which failures he alleged were the proximate cause of his injuries. After the case was tried before a jury on allegations of ordinary and gross negligence, the jury rendered a verdict in favor of Mitchell concluding that his injuries were caused by the ordinary negligence of the DHR hospital.

1. The DHR claims that, because the hospital was approved by the court as an agency participating in a community service program for probationers pursuant to the community service act, it was entitled to immunity from liability for Mitchell's injuries under the provisions of OCGA § 42-8-71 (d). Accordingly, the DHR claims the trial court erred by denying its motion to dismiss and motion for a directed verdict made on the ground that it was immune from liability for ordinary negligence under the provisions of OCGA § 42-8-71 (d).

Section 42-8-71 (d) of the community service act provides as follows:

> No agency or community service officer shall be liable at law as a result of any of his acts performed while participating in a community service program. This limitation of liability does not apply to actions on the part of any agency or community service officer which constitute gross negligence, recklessness, or willful misconduct.

Thus, subsection (d) of the statute provides immunity for ordinary negligence, but not for gross negligence, recklessness, or wilful misconduct. The subsection contains two terms elsewhere defined in the community service act: " 'Agency' means any private or public agency or organization approved by the court to participate in a community service program," (OCGA § 42-8-70 (a) (1)), and " 'Community service

officer' means an individual appointed by the court to place and supervise offenders sentenced to community service. Such term may mean a paid professional or a volunteer." OCGA § 42-8-70 (a) (3).

In construing OCGA § 42-8-71 (d), the trial court concluded that the phrase "his acts" refers to acts by a probationer and held that the effect of this section was "to grant immunity to the 'Agency and Community Service Officer' in the event the negligence of a community service worker, i.e. a criminal defendant performing community service work, injures a third party." Since the present case involved a claim that an agency employee negligently injured a probationer, the trial court concluded that OCGA § 42-8-71 (d) provided no immunity to the DHR hospital, as the approved agency.

We disagree with the trial court's construction of OCGA § 42-8-71 (d). The first sentence of that section states that, "No agency or community service officer shall be liable at law as a result of any of his acts performed while participating in a community service program." The personal reference to "his acts" in the sentence may be construed as referring back to the personal acts of an "officer" — meaning either an "agency officer" or a "community service officer." Although this construction may render the sentence grammatically correct, and makes sense for the immunity granted to a "community service officer," an individual defined in the community service act, it makes no sense for the immunity granted to an "agency officer," an individual mentioned nowhere in the community service act. A construction that makes sense in relation to other parts of the community service act is to construe the first sentence to mean that immunity is granted to an "agency" approved by the court under the act or to a "community service officer" appointed by the court under the act. Unlike "agency officer," "agency" is a term defined in the community service act. Moreover, this construction is consistent with the second sentence of OCGA § 42-8-71 (d), which limits the immunity granted in the first sentence and provides that: "This limitation of liability does not apply to actions on the part of any agency or community service officer which constitute gross negligence, recklessness, or willful misconduct." Consistent with a grant of immunity in the first sentence to any "agency," the second sentence is grammatically correct when the term "actions" is construed to refer to the impersonal actions of any "agency" as well as to the personal actions of a "community service officer."

Since a grammatically correct construction would create immunity for an "agency officer" with no significant meaning in the context of the community service act, it is necessary to consider related parts of the act in order to ascertain the legislative intent. *Collins v. C. W. Matthews Contracting Co.*, 213 Ga. App. 109, 111 (444 SE2d 100) (1994). Our task is not to blindly adhere to correct grammatical con-

struction, but to construe the statute to implement the intent of the legislature. *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981). "Although appellate courts generally do not construe statutory language that is plain and unequivocal, judicial construction is required when words construed literally would defeat the legislature's purpose." *Echols v. Thomas*, 265 Ga. 474, 475 (458 SE2d 100) (1995). Construing the first sentence of OCGA § 42-8-71 (d) in relation to the entire community service act, it is clear that the legislature intended to give immunity to any "agency" approved by the court to participate in a community service program or to any "community service officer" appointed by the court. Accordingly, we adopt the construction which carries out the intent of the legislature in creating the community service act rather than one which gives preference to grammatical correctness.

Since the DHR hospital was an agency under the community service act, and the jury found the DHR liable on the basis of the ordinary negligence of its employees, the DHR was entitled to the immunity granted by OCGA § 42-8-71 (d), and the trial court erred by denying its motion for a directed verdict.[1]

2. In denying the DHR's motion for a directed verdict, the trial court also held that, even if immunity was granted to the DHR as an agency under OCGA § 42-8-71 (d), the immunity granted by this statute was superseded by the 1991 amendment to the Georgia Constitution (permitting the waiver of sovereign immunity by the enactment of a tort claims act) and the subsequent enactment of the GTCA pursuant to the amendment.

Section 42-8-71 (d) of the community service act grants limited immunity for any agency approved for participation in a community service program. The immunity was granted, not only to public agencies such as the DHR, but also to private agencies. OCGA § 42-8-70 (a) (1). By providing community service work as a condition of probation, the community service act advances a public policy of providing a constructive and economical alternative to incarceration for less serious offenders. The immunity granted by OCGA § 42-8-71 (d) was enacted by the legislature in 1984 to promote this public policy by granting limited protection from liability to encourage more public and private agencies to participate in community service programs.

In 1991, the State Constitution was amended to extend sovereign immunity "to the state and all of its departments and agencies" and to provide that the state's sovereign immunity could be waived by an act of the General Assembly specifically waiving sovereign

---

[1] The issue of whether the DHR was entitled to sovereign immunity under the GTCA is not presented in this appeal. See OCGA § 50-21-24 (2); *Bontwell v. Dept. of Corrections*, 226 Ga. App. 524, 526-528 (486 SE2d 917) (1997) (physical precedent).

immunity and setting forth the extent of such waiver. Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e). Section (a) of the 1991 amendment further provided that the General Assembly could also waive the state's sovereign immunity by enacting a state tort claims act. Pursuant to the 1991 amendment, the General Assembly subsequently enacted the GTCA, which recognized "the inherently unfair and inequitable results which occur in the strict application of the traditional doctrine of sovereign immunity," and granted a limited waiver of the state's sovereign immunity. OCGA §§ 50-21-21; 50-21-23; 50-21-24.

The immunity granted under OCGA § 42-8-71 (d) in 1984 to public and private agencies approved for participation in community service programs promotes a public policy that was not superseded or repealed by implication by the 1991 constitutional amendment or by the GTCA enacted pursuant to the amendment. *Gilbert v. Richardson*, 264 Ga. 744, 749, n. 6 (452 SE2d 476) (1994); see *Johnson v. Gwinnett County*, 215 Ga. App. 79-80 (449 SE2d 856) (1994) (immunity granted by OCGA § 31-11-8 to providers of emergency medical services promotes public policy and was not waived by subsequent constitutional waiver of sovereign immunity).

3. Contrary to Mitchell's contention, there is no basis for concluding that the DHR was not entitled to the immunity granted by OCGA § 42-8-71 (d) because of a failure to comply with other requirements of OCGA § 42-8-71 relating to application by an agency for participation in a community service program. Subsection (a) of OCGA § 42-8-71 requires that an agency application show the number of offenders who may be placed with the agency, the work to be performed, and provisions for supervising the offenders. Subsection (c) of OCGA § 42-8-71 provides that: "If an agency violates any court order or provision of this article, the offender shall be removed from the agency and the agency shall no longer be eligible to participate in the community service program." Mitchell's contention is that the DHR hospital forfeited its eligibility to participate in the program and its immunity under OCGA § 42-8-71 (d) because it: (1) accepted placement of more probationers in the community service program than it originally indicated it would accept on its application to the court for participation in the program (applied for four to six, and accepted nine); (2) used probationers for a different type of work than indicated in its application (grounds keeping rather than housekeeping); and (3) supervised the probationers with a person not listed on the application (grounds keeping supervisor rather than the listed housekeeping supervisor).

There has been no determination by the court that the DHR hospital violated a court order or provision of the community service act, or that it is no longer eligible to participate in the community service program. Even if a court made those determinations with respect to

an approved agency, the agency would still be entitled to any immunity granted under OCGA § 42-8-71 (d) for acts that preceded the court's determinations. Moreover, Mitchell's complaints against the DHR hospital with respect to its application are technical at best and cannot be considered violations within the meaning of OCGA § 42-8-71 (c). All nine offenders accepted by the DHR hospital in the community service program were placed there with the approval of the court and the community service officer. There is no contention that Mitchell was doing a type of work not acceptable under the community service act or that violated the terms of the probation pursuant to which he was placed in the community service program. Furthermore, to the extent lack of proper supervision constituted ordinary or gross negligence that was the proximate cause of Mitchell's injuries, those claims were considered by the jury.

In any event, although some of these claims were raised by Mitchell in the trial court, the trial court did not rule on them, nor did Mitchell file a cross-appeal, so they were not properly preserved for appellate review. *Atlanta Gas Light Co. v. Ga. Pub. Svc. Comm.*, 212 Ga. App. 575, 577 (442 SE2d 860) (1994).

4. We need not address the DHR's additional enumerations of error.

*Judgment reversed. Ruffin, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED MAY 25, 1999 —
RECONSIDERATION DENIED JUNE 9, 1999 — CERT. APPLIED FOR.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General, Kimberly L. Schwartz, Assistant Attorney General*, for appellant.

*Davis, Zipperman, Kirschenbaum & Lotito, E. Marcus Davis, Christopher R. Smith*, for appellee.