A01A2191. KATZ v. HOSPITAL AUTHORITY OF RABUN COUNTY.
(561 SE2d 858)

ANDREWS, Presiding Judge.

Dr. Daniel Katz appeals from the trial court's grant of summary judgment on his claim that the Hospital Authority of Rabun County (Hospital) improperly revoked his emergency room privileges. The trial court found that the unrebutted evidence in the record was that although Katz's emergency room staffing contract had been terminated, his professional privileges were not revoked. Although the trial court's finding was a correct statement of fact, it did not support the grant of summary judgment. Accordingly, for the following reasons, we reverse.

The facts in this case, viewed in the light most favorable to Katz, as nonmovant, are as follows. The Hospital hired Dr. Katz to work in its emergency room on July 6, 1998. A year later, Dr. Kathy Easterling, the Hospital's chief of staff, called a meeting to discuss Katz's performance as an emergency room physician. As a result of this meeting, Easterling sent Katz a letter stating that "We, therefore, under Medical Staff Bylaws 5.3-3 (c) are revoking your emergency room staff privileges as of this date." The letter went on to inform Katz that he had a right to request a hearing to appeal this action. The chairman of the Hospital also sent Katz a letter on that same date, stating that in light of the revocation of his emergency room privileges, his contract with the hospital to perform services as an emergency room doctor was terminated.

Katz hired an attorney and requested a hearing and also requested copies of emergency room charts, complaints, and other materials relied on by the committee. A hearing was set for August 6, 1999, but was cancelled at Katz's request.

At some point, Dr. Easterling acknowledged that her letter was

in error when it stated that Katz's emergency room privileges were revoked. The Hospital agreed that under the section of the bylaws referred to in the letter, it should have stated that the committee was *recommending* that Katz's emergency room privileges be revoked.

Katz filed suit, claiming that the executive committee's meeting at which his emergency room privileges were revoked violated his rights under the Hospital's bylaws. Katz claimed the committee failed to provide him with written copies of complaints, failed to conduct a hearing after proper notice, failed to provide him with information needed to defend himself against complaints, failed to provide him with a written report after the hearing, and failed to get a two-thirds vote of the medical staff affirming the recommendation before forwarding the recommendation to the Hospital. Katz claimed that his contract to provide emergency room services was terminated based upon this ultra vires action of the executive committee. The complaint also requested a temporary restraining order requiring the Hospital to reinstate his contract and emergency room privileges.

The trial court found that the Hospital, acting through the executive committee, failed to follow the procedure required by its bylaws and enjoined the Hospital from revoking Katz's emergency room privileges "unless and until it begins anew the § 5.3-1 et seq. process." The court refused Katz's request for an injunction preventing the Hospital from terminating his contract to staff the emergency room.

The Hospital filed a motion for summary judgment, reiterating that Easterling's letter mistakenly informed Katz that his emergency room privileges had been revoked when actually the committee had only recommended revocation. Because Katz had not followed administrative procedure, that is, an appeal hearing with the executive committee, no further action had been taken and Katz's emergency room privileges were not revoked. The motion also argued that Katz was not entitled to damages because he did not exhaust the administrative appeal process provided by the bylaws.

The trial court found that issues of material fact remained to be tried on this claim and denied the Hospital's motion for summary judgment. The trial court granted the Hospital's motion for summary judgment on the contract termination claim and that issue is not being appealed.

The parties were preparing for trial when the Hospital filed another motion for summary judgment, again stating that Katz's emergency room privileges had never actually been revoked. This time, the trial court granted the motion, found that it did not need to reach the issue of privilege, also argued in the motion, because the undisputed evidence was that Katz's emergency room privileges had

not been revoked. The court then granted the Hospital's motion for summary judgment.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). To obtain summary judgment, a defendant need not produce any evidence, but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant. *Supchak v. Pruitt*, 232 Ga. App. 680, 682 (503 SE2d 581) (1998).

We agree that the evidence in the record shows that Katz's emergency room privileges were never actually revoked. That does not deprive him, however, of a valid claim against the Hospital for failing to follow its own bylaws. That Easterling later claimed that Katz's privileges were not actually revoked is a distinction without a difference. The committee met and took action, resulting in the letter to Katz and the Hospital stating that his privileges were revoked. This resulted in the action taken by the Hospital to terminate Katz's contract to provide emergency room services.

It is undisputed that the committee meeting which produced the letter was not even remotely in accord with the requirements of the Hospital's bylaws. Indeed, there appear to be issues of fact as to whether the people present and voting at the meeting were all members of the executive committee.

A hospital has a legal duty to follow its existing bylaws, and the violation of that duty is actionable under OCGA § 51-1-6. *St. Mary's Hosp. &c. v. Radiology Professional Corp.*, 205 Ga. App. 121, 127 (421 SE2d 731) (1992). Katz's claim for damages arises from the Hospital's failure to follow its bylaws and the unauthorized action taken as a result of this failure. Accordingly, the trial court erred in granting the Hospital's motion for summary judgment.

*Judgment reversed. Eldridge and Miller, JJ., concur.*

DECIDED MARCH 12, 2002.

*Christopher L. Casey*, for appellant.
*Charles L. Clay*, for appellee.