### A07A1123. DeKALB STATE COURT PROBATION DEPARTMENT et al. v. CURRID et al.

(653 SE2d 90)

PHIPPS, Judge.

The DeKalb State Court Probation Department and the DeKalb County Public Works Department (collectively, "DeKalb County")[1] appeal from a judgment entered on a jury verdict in this wrongful death action, arguing among other reasons that sovereign immunity bars the action. We agree with the sovereign immunity argument and therefore reverse.

Vincent Robert Currid died from injuries sustained when he fell from the back of a sanitation truck on September 20, 1999, while fulfilling a court-ordered community service obligation. The administrator of his estate, Gregory Currid, and his father, Howard Currid, sued DeKalb County and several other individuals and entities.[2] The

---

[1] The parties use the phrase "DeKalb County" to represent the appellants in this case and this phrase is used similarly in the proceedings below and on an earlier appeal in this case. We adopt the same use of this phrase here, except where noted.

[2] These other entities and individuals were no longer in the case when it went to trial.

Currids alleged that DeKalb County was liable under the Community Service Act[3] for gross negligence, recklessness, and wilful indifference to Vincent Currid's safety in assigning him unsafe community service work. The Community Service Act provides for court-ordered participation in community service programs and limits the liability of agencies and community service officers under the act unless their behavior constitutes "gross negligence, recklessness, or willful misconduct."[4]

The trial court granted summary judgment to the DeKalb State Court Probation Department and the DeKalb County Public Works Department, holding among other reasons that the assignment and training of Vincent Currid to work with the sanitation crew were protected under the Community Service Act. The court, however, found a jury question as to the degree of negligence of the sanitation truck driver in operating the truck and held that DeKalb County could be liable for this negligence up to $100,000, the amount of a motor vehicle liability policy purchased by the county.[5] The court based this holding on OCGA § 33-24-51, which expressly waives a county's sovereign immunity to the extent of a motor vehicle liability policy.

On appeal in *Currid v. DeKalb State Court Probation Dept. (Currid I)*,[6] we found a jury question as to whether DeKalb County was grossly negligent in assigning Vincent Currid to work on the back of a sanitation truck without certain safety gear or training and under circumstances in which it was dangerous to ride on the back of the truck.[7] We also held that a waiver signed by Vincent Currid did not bar DeKalb County from liability for wilful or wanton misconduct, reversing the trial court's holding.[8] We specifically did not address the issue of whether "DeKalb County's automobile liability waiver ... supersede[s] the county's liability under the Community Service Act."[9] Also, our *Currid I* opinion did not analyze the extent of DeKalb County's sovereign immunity from the Currids' claim or address whether the Community Service Act contained a waiver of sovereign immunity.

---

[3] OCGA § 42-8-70 et seq.

[4] OCGA § 42-8-71 (d).

[5] The trial court did not specify in its order whether it meant the DeKalb State Court Probation Department or the DeKalb County Public Works Department when it denied summary judgment to "DeKalb County" up to the limits of the automobile liability insurance policy.

[6] 274 Ga. App. 704, 709 (2) (a) (618 SE2d 621) (2005).

[7] Id. at 708-709.

[8] Id. at 709-710.

[9] Id. at 707, n. 8.

Thereafter, DeKalb County moved to restrict its damages to the limits of its motor vehicle insurance policy, arguing that it had waived its sovereign immunity only as to a claim that could be brought under the policy. The trial court summarily denied this motion. At trial, DeKalb County sought a special verdict form requiring the jury to indicate whether it found that DeKalb County had acted in a manner that would give rise to liability under its motor vehicle insurance policy. Although the Currids earlier had included in their action a claim for motor vehicle negligence predicated upon OCGA § 33-24-51, at trial they stated that they were no longer pursuing this claim and they opposed the special verdict form. Instead, the Currids elected at trial to base their claim solely on a violation of the Community Service Act, and the trial court did not submit a special verdict form to the jury. The jury returned a verdict against DeKalb County and the trial court entered judgment on the verdict.

On appeal, DeKalb County argues that the trial court erred in denying its motion to limit damages and entering judgment on a verdict that violates DeKalb County's sovereign immunity. DeKalb County also argues that the trial court erred in making certain evidentiary rulings and in refusing to grant a mistrial or otherwise cure improper statements made during closing arguments.

1. DeKalb County contends that the doctrine of sovereign immunity bars the action against it. We agree.

"The common law doctrine of sovereign immunity, adopted by this state in 1784, protected governments at all levels from unconsented-to legal actions."[10] The Georgia Constitution now extends sovereign immunity to "the state and all of its departments and agencies[,]"[11] which includes counties.[12] Under the Constitution, this sovereign immunity "can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver."[13] Similarly, OCGA § 36-1-4 provides that "[a] county is not liable to suit for any cause of action unless made so by statute." The Constitution allows for a waiver of sovereign immunity through the Georgia Tort Claims Act,[14] but this waiver does not apply to counties.[15]

---

[10] *Gilbert v. Richardson*, 264 Ga. 744, 745 (1) (452 SE2d 476) (1994) (citations and footnote omitted).

[11] Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e).

[12] See *Harry v. Glynn County*, 269 Ga. 503, 504 (1) (501 SE2d 196) (1998); OCGA § 36-1-4 ("A county is not liable to suit for any cause of action unless made so by statute.").

[13] Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e).

[14] OCGA § 50-21-20 et seq.

[15] Ga. Const. of 1983, Art. I, Sec. II, Par. IX (a); see OCGA § 50-21-22 (5) (exempting counties from definition of "state" in Georgia Tort Claims Act); *Woodard v. Laurens County*, 265

An act of the General Assembly that meets the constitutional criteria for a statutory waiver is OCGA § 33-24-51, which pertinently provides: "The sovereign immunity of local government entities for a loss arising out of claims for the negligent use of a covered motor vehicle is waived as provided in Code Section 36-92-2."[16] OCGA § 33-24-51 further states that "governmental immunity shall be waived to the extent of the amount of insurance so purchased."[17] In *Gilbert v. Richardson*,[18] the Supreme Court of Georgia held that the language of OCGA § 33-24-51 meets the constitutional requirements for a statutory waiver of sovereign immunity because the act specifically mentions waiving "governmental immunity" (which the *Gilbert* court equated with "sovereign immunity") and because the act describes the extent of the waiver, in this case the amount of liability insurance coverage.[19]

At trial, however, the Currids did not seek to recover from DeKalb County under OCGA § 33-24-51 (b). As a waiver of sovereign immunity must be established by the party seeking to benefit from the waiver, the burden rested on the Currids to show that DeKalb County's sovereign immunity was waived in some other way.[20] We consider this issue de novo.[21]

The Currids argue that the Community Service Act provides the needed waiver of sovereign immunity. The act states in pertinent part:

> No agency or community service officer shall be liable at law as a result of any of his acts performed while participating in a community service program. This limitation of liability does not apply to actions on the part of any agency or community service officer which constitute gross negligence, recklessness, or willful misconduct.[22]

Unlike OCGA § 33-24-51 (b), the Community Service Act does not specifically provide either that sovereign immunity is waived or the extent of the waiver. Our decisions in *Hendon v. DeKalb County*[23] and

---

Ga. 404, 405 (1) (456 SE2d 581) (1995) ("[T]he waiver of sovereign immunity afforded by [the Georgia Tort Claims Act] does not extend to a county."); *Gilbert*, supra at 747 (2).

[16] OCGA § 33-24-51 (b).

[17] Id.

[18] Supra, 264 Ga. 744.

[19] Id. at 749-751 (4).

[20] *Scott v. City of Valdosta*, 280 Ga. App. 481, 484 (1) (634 SE2d 472) (2006).

[21] *Ga. Dept. of Juvenile Justice v. Cummings*, 281 Ga. App. 897 (637 SE2d 441) (2006).

[22] OCGA § 42-8-71 (d).

[23] 203 Ga. App. 750 (417 SE2d 705) (1992).

*Norton v. Cobb*[24] are on point. In *Hendon*, we considered whether statutory language that concerned the "911" emergency system created a statutory waiver of a county's sovereign immunity. The statute in *Hendon* limited liability "except in cases of wanton and willful misconduct or bad faith. . . ."[25] We stated in *Hendon* that

> in order to hold the county vicariously liable for the "wanton and wilful misconduct or bad faith" of its officers and employees under Paragraph IX [of Article I, Section II of the Georgia Constitution], it would be necessary for us to hold that OCGA § 46-5-131 (a) "specifically provides that sovereign immunity [of the county] is hereby waived and the extent of the waiver." *On its face, OCGA § 46-5-131 (a) does not do this.*[26]

In *Norton*, we considered similar statutory language in the Recreational Property Act,[27] and again we found no statutory waiver of sovereign immunity in an act that allowed personal injury actions resulting from wilful or malicious behavior.[28]

The Currids concede that "the Community Service Act does not provide for an explicit waiver of immunity." They nevertheless argue that we should read a waiver into the Community Service Act to comport with what they describe as a "long established rule that a county does not enjoy sovereign immunity when it behaves in a manner that is willful or wanton." They also argue that to construe the statute otherwise would strip it of meaning. But this interpretation contravenes the Georgia Constitution, as discussed above. And "it is axiomatic that a statute standing alone may not contravene a constitutional provision."[29] We must interpret a statute when possible so as to save it from constitutional challenge.[30] Because the Georgia Constitution recognizes a statutory waiver of sovereign immunity only where the statute specifically provides for the fact of waiver and its extent, and because the Community Service Act does not so provide, we cannot read into the Community Service Act a waiver of DeKalb County's sovereign immunity.

The cases cited by the Currids do not compel a different result. Sovereign immunity extends to the wilful and wanton actions of a

---

[24] 284 Ga. App. 303 (643 SE2d 803) (2007).

[25] *Hendon*, supra at 756 (2) (c) (quoting OCGA § 46-5-131 (a)).

[26] Id. at 756-757 (2) (c) (emphasis supplied).

[27] OCGA § 51-3-20 et seq.

[28] *Norton*, supra at 305-306 (1).

[29] *Campbell v. Dept. of Corrections*, 268 Ga. 408, 411 (1) (490 SE2d 99) (1997).

[30] See *Clark v. Wade*, 273 Ga. 587, 598 (IV) (544 SE2d 99) (2001).

county,[31] and none of the Currids' cases hold that a county may waive its sovereign immunity in some manner other than through a statute meeting the requirements set out in the Georgia Constitution.[32] And although the Community Service Act does not offer a waiver of sovereign immunity, it still has meaning because it provides *expanded* immunity to those governmental entities and actors whose sovereign immunity was waived under the Georgia Tort Claims Act.[33] But even if the Community Service Act was rendered meaningless unless it could be read to include a waiver of sovereign immunity, we cannot interpret the act in a way that contravenes the Georgia Constitution. Accordingly, we must reject the Currids' argument that the Community Service Act waives sovereign immunity.

2. The Currids argue that, under the law of the case rule, our decision in *Currid I* mandates a finding that DeKalb County's sovereign immunity has been waived. The law of the case rule provides that an appellate decision is binding on all subsequent lower and appellate court proceedings in that case.[34] The rule, however, "applies only to actual *decisions*, not to issues raised by the parties but never ruled upon."[35] In *Currid I* we neither held that the Community Service Act contained a statutory waiver of DeKalb County's sovereign immunity nor engaged in an analysis of the sovereign immunity question. And, as discussed in Division 1, the Currids' position contravenes sovereign immunity law in Georgia. Given that sovereign immunity was not a part of the *Currid I* holding, *Currid I* does not prevent us from determining that issue now.[36]

3. In light of our holdings in Divisions 1 and 2, we need not address DeKalb County's remaining enumerated errors.

*Judgment reversed. Johnson, P. J., and Mikell, J., concur.*

---

[31] See *Truelove v. Wilson*, 159 Ga. App. 906, 907 (3) (285 SE2d 556) (1981) ("The fact that plaintiffs alleged wilful and wanton negligence does *not* deprive [a county defendant] of that defense [of sovereign immunity].") (emphasis supplied).

[32] Most of the cases cited by the Currids involve the official immunity of an individual defendant, and not the sovereign immunity of a county. See *Martin v. Gaither*, 219 Ga. App. 646, 651-652 (466 SE2d 621) (1995) (individual defendant); *Holloway v. Rogers*, 181 Ga. App. 11, 12-13 (1) (351 SE2d 240) (1986) (same); *Truelove*, supra at 907-908 (4) (individual defendants).

[33] See *Dept. of Human Resources v. Mitchell*, 238 Ga. App. 477, 480 (1) (518 SE2d 440) (1999) (Community Service Act's purpose is to give immunity).

[34] OCGA § 9-11-60 (h); *Jebco Ventures v. City of Smyrna*, 259 Ga. 599, 601-602 (1) (385 SE2d 397) (1989).

[35] *Parks v. State Farm Gen. Ins. Co.*, 238 Ga. App. 814, 815 (1) (520 SE2d 494) (1999).

[36] See *Carter v. Fulton-DeKalb County Hosp. Auth.*, 222 Ga. App. 220 (474 SE2d 83) (1996) (where earlier appellate decision did not reach issue of sovereign immunity, law of the case rule did not bar subsequent sovereign immunity determination).

DECIDED SEPTEMBER 26, 2007 

Constangy, Brooks & Smith, Wade W. Mitchell, Jena S. Tarabula, R. Carl Cannon, for appellants.

Martin & Jones, Samuel L. Starks, Clinton W. Sitton, for appellees.

Karen G. Thomas, Overtis H. Brantley, Dorothy H. Bishop, Robert L. Zoeckler, James F. Grubiak, amici curiae.