**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**July 16, 2024**

# In the Court of Appeals of Georgia

A24A0343. SNEED v. PLACE AT MIDWAY, LLC et al.

DOYLE, Presiding Judge.

Meloda Sneed filed a personal injury suit against Place at Midway, LLC ("Midway"), and Pinnacle Property Management Services, LLC ("Pinnacle"), and others.[1] The trial court dismissed Sneed's claims against the Defendants based on a time-limitation provision in the lease agreement between Midway and Sneed,[2] and Sneed appeals, arguing that the trial court's order should be reversed under the

---

[1] Sneed alleged claims against other entities that she claimed were the predecessors in interest to Midway and to the property manager for that preceding owner. Those claims, however, are not at issue in this appeal. In this opinion, "Defendants" refers collectively to Midway and Pinnacle.

[2] There are multiple leases at issue, but there is no contention that the leases are substantively different in regard to the applicable lease provision, so for purposes of clarity, we have streamlined the discussion to a single lease between the parties.

Georgia Supreme Court's holding in *Langley v. MP Spring Lake*.[3] For the reasons that follow, we affirm.

> A complaint fails to state a claim upon which relief can be granted and warrants dismissal or judgment on the pleadings only if its allegations disclose with certainty that no set of facts consistent with the allegations could be proved that would entitle the plaintiff to the relief he seeks. Put another way, if, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. Like the court below, when we assess the sufficiency of the complaint on appeal, we must accept the allegations of fact that appear in the complaint and view those allegations in the light most favorable to the plaintiff.[4]

On September 12, 2022, Sneed sued the Defendants. In her complaint, Sneed alleged that she was a tenant at a property owned by Midway and managed by Pinnacle. Sneed contended that on October 1, 2020, she sustained serious injuries on an outdoor gravel walkway leading to her unit, which walkway was maintained improperly by the Defendants. Although the complaint does not state that the walkway was limited to access from others at the complex, the Defendants contended

---

[3] 307 Ga. 321 (834 SE2d 800) (2019).

[4] (Citations and punctuation omitted.) *Bush v. Bank of New York Mellon*, 313 Ga. App. 84, 89 (720 SE2d 370) (2011).

that it was exclusively for Sneed's use; she does not argue on appeal that the walkway was in the common area of the complex.

After Sneed's fall, the Defendants moved Sneed to a new apartment. This apartment contained a ceiling fan, and Sneed contended that she was injured on January 29, 2021, when the defectively installed and repaired ceiling fan detached from the ceiling of her apartment and hit her in the head, knocking her unconscious. Sneed alleged that she had made a repair request to the Defendants prior to the incident, that a repair had been scheduled to occur prior to her injury, and that it was repaired negligently or not at all prior to her injury.

Sneed's September 12, 2022 complaint alleged various instances of negligence against the Defendants related to these two incidents, including failure to inspect for defects or exercise reasonable care in maintaining or repairing the property, failure to keep a look out or warn of danger, and other negligence that discovery may reveal. Sneed did not cite to any specific code section in her complaint. It is undisputed that Sneed filed the complaint within two years of each incident under the statute of limitation for tort claims.[5]

---

[5] See OCGA § 9-3-33 (providing that "actions for injuries to the person shall be brought within two years after the right of action accrues").

Midway and Pinnacle answered and moved to dismiss the complaint, arguing that Sneed's claims were time barred because the lease contained a one-year time-limitation provision for claims against the management company or owner. The provision at issue stated:

> Limitations on Actions. To the extent allowed by law, Resident also agrees and understands that any legal action against Management or Owner must be instituted within one year of the date any claim or cause of action arises and that any action filed after one year from such date shall be time barred as a matter of law.

Sneed responded to the motion, arguing that the provision was identical to a provision considered by the Georgia Supreme Court in *Langley*,[6] in which the Court addressed whether the contract barred the plaintiff's personal injury claims after she fell in the common area of her apartment complex.[7] The Court explained that the language of the provision was ambiguous, meaning either that it applied to any action the plaintiff conceivably could file against the defendants or that it applied only to claims that arose from the contractual relationship itself, and because of the ambiguity,

---

[6] 307 Ga. at 321-322.

[7] See id.

it construed the language in favor of the non-drafting plaintiff.[8] The Court concluded that the language was limited to claims arising from the contractual landlord-tenant relationship, and therefore, it did not apply to the plaintiff's claims arising from premises liability tort law.[9] In explaining its holding further, the Court stated that

> [t]he law establishes a contract claim arising from a breach of [the defendant's] duties under the lease and OCGA § 44-7-13, separate and apart from a premises liability tort claim arising from [the defendant's] duties as a property owner to keep the premises safe under OCGA § 51-3-1. Tort and contract simply provide alternate vehicles (and remedies) through which [the defendant] could be liable to [the plaintiff] for failing to keep the property in repair.[10]

---

[8] See id. at 322.

[9] See id. at 327 (holding that "the general language 'any legal action,' in the absence of language specifically encompassing tort claims, is limited to claims arising out of the lease agreement").

[10] Id. at 329. The Court also noted that the Georgia "General Assembly has consistently expressed the public policy of this [S]tate as one in favor of imposing upon the landlord liability for damages to others from defective construction and failure to keep his premises in repair. The expressed public policy in favor of landlord liability is matched by an equally strong and important public policy in favor of preventing unsafe residential housing." Id. at 329, n.4, quoting *Thompson v. Crownover*, 259 Ga. 126, 128 (381 SE2d 283) (1989).

Despite the holding in *Langley*, in the present case, the trial court granted the motions to dismiss, finding that the same time-limitation provision in Sneed's lease agreement barred her claims. Sneed appealed this decision, but this Court dismissed the appeal, explaining that the trial court's order was not final. Back in the trial court, Sneed filed a motion to vacate the trial court's order granting the motion to dismiss, arguing that her claims were tort claims arising under OCGA § 44-7-14 and therefore not time barred by the contract. The trial court denied the motion, but it entered an order stating that its decision dismissing the claims against the Defendants was final, and there is no just reason to delay the appeal. Sneed now timely appeals from that order.

Based on the holding of *Langley*, Sneed argues that the trial court erred by dismissing her claims against the Defendants based on the time-limitation provision in the lease. In response, the Defendants contend that Sneed's claims were properly dismissed because they occurred not in the common areas of the property like the injuries in *Langley*, but in her private residence or the curtilage over which she was given possession; therefore, her claims arose solely from the landlord-tenant

relationship and not from a separate body of tort law.[11] Thus, according to the Defendants, the trial court correctly dismissed the claims by applying the contractual time-limitation provision to Sneed's tort claims.

1. As an initial matter, the Defendants do not argue, and upon review of the lease we do not find, that there is additional language in this lease that would remove it from the interpretation made by the *Langley* Court.[12] The only issue here is whether Sneed's claims are independent from the contractual relationship like those addressed in *Langley*, such that the contract provision should not apply to bar the claims.

2. OCGA § 51-1-1 defines "[a] tort [as] the unlawful violation of a private legal right other than a mere breach of contract, express or implied. A tort may also be the violation of a public duty if, as a result of the violation, some special damage accrues to the individual." In *Langley*, the plaintiff and the defendant were in a landlord-tenant

---

[11] The Defendants cite at length *BGP Inspection, LLC v. Omstead*, 367 Ga. App. 128, 134-135 (1) (883 SE2d 593) (2023), affirmed by *Omstead v. BGP Inspection, LLC*, Case No. S23G0771 (decided Jun. 11, 2024), and its language distinguishing *Langley*. In that case, however, the contract at issue explicitly included tort claims (as well as others) in its time-limitation provision. See id. at 129-130.

[12] See generally *Outfront Media v. City of Sandy Springs*, 356 Ga. App. 405, 418 (2) (847 SE2d 597) (2020), for a discussion of the appropriate rules for construction of the language of a lease.

relationship via the residential lease between the parties, and the lease only governed those portions of their relationship, duties, and claims, but there simultaneously existed the relationship of an owner or occupier of land to an invitee, which was the source of the duty from which the plaintiff's claims arose.[13] In other words, because there was a duty that existed for the defendants unrelated to the duties created by or referred to in the contract, the claims arising from the non-contractual duties were not precluded by that contractual time-limitation provision.[14]

In this case, although her complaint alleged various broadly stated negligence claims, in her brief, Sneed contends that they are tort claims arising from OCGA § 44-7-14. That Code section states that

> [h]aving fully parted with possession and the right of possession, the landlord is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant; provided, however, the landlord is responsible for damages arising from defective construction or for damages arising from the failure to keep the premises in repair.

---

[13] See *Langley*, 307 Ga. at 321.

[14] See id. at 329.

As opposed to OCGA § 51-3-1, which imposes a duty of care to owners and occupiers of land (including landlords with respect to common areas of an apartment complex or injuries arising from foreseeable criminal activity),[15] if the location of the injury is an area over which the landlord has ceded control to the tenant, then the source of the landlord's liability arises from OCGA § 44-7-14.[16]

Here, the claims related to Sneed's two injuries arise under OCGA § 44-7-14 as conceded by Sneed in her motion to set aside and in her brief on appeal. The duty of care that applies to the injuries arise from Sneed's landlord-tenant relationship with the Defendants, which relationship encompasses concomitant contractual and statutory duties owed to Sneed. Although as Sneed correctly argues she has articulated tort claims rather than contract claims, those claims arise from the same landlord-tenant relationship despite whether they were created by statute or by the

---

[15] See, e.g., *Langley*, 307 Ga. at 321; *Sturbridge Partners v. Walker*, 267 Ga. 785, 785-786 (482 SE2d 339) (1997) (explaining that a landlord had a duty under OCGA § 51-3-1 to exercise ordinary care to protect tenants against third-party criminal attacks even in the tenant's own apartment).

[16] See, e.g., *Cham v. ECI Mgmt. Corp.*, 311 Ga. 170, 173 (2) (a) (856 SE2d 267) (2021) (discussing the categories in relation to a visitor of the tenant to property); *Martin v. Johnson-Lemon*, 271 Ga. 120, 122-123 (1) (516 SE2d 66) (1999) (addressing an injury sustained by a visitor to a pool erected by a tenant at the consent of the landlord).

language of the lease. Thus, the situation here is different from that in *Langley*, in which the alleged claims arose from a separate relationship creating a separate duty for the defendant than the relationship arising from the parties' landlord-tenant relationship and subject matter of the lease.[17] In this case, the lease applies to the same relationship and thereby the same duties from which arise Sneed's claims. Therefore, reading the plain language of the provision in the context of the contract as a whole, we determine that the time-limitation provision applies to bar her claims.[18] Thus, the trial court did not err by dismissing her complaint on that basis.[19]

---

[17] See 307 Ga. at 327 ("Nothing in the lease agreement suggests that it creates any relationship other than that of landlord and tenant, or that it covers subject matter beyond that relationship or the parties' rights and obligations specified in the lease agreement. This omission suggests that nothing in the lease should be read to apply to, or to curtail, tort claims, or to otherwise speak to legal rights beyond those arising from the lease agreement and the body of law creating contractual duties between landlords and tenants.").

[18] See id. at 323-325 ("In order to ascertain what claims the parties sought to address in the Limitation Provision, we must read that provision in light of the contract as a whole and in the legal context in which it was created.").

[19] Sneed argues in her reply brief that the limitation provision violated OCGA § 44-7-2 (b), which states that
[i]n any contract, lease, license agreement, or similar agreement, oral or written, for the use or rental of real property as a dwelling place, a landlord or a tenant may not waive, assign, transfer, or otherwise avoid any of the rights, duties, or remedies contained in the following

*Judgment affirmed. Hodges and Watkins, JJ., concur.*



provisions of law: (1) Code Section 44-7-13, relating to the duties of a landlord as to repairs and improvements; (2) Code Section 44-7-14, relating to the liability of a landlord for failure to repair . . . .

We do not address this argument because it was not enumerated as error in her initial brief. See, e.g., *Currid v. DeKalb State Court Probation Dept.*, 274 Ga. App. 704, 707 (1), n. 8 (618 SE2d 621) (2005) (explaining that an appellant may not raise an argument for the first time in their reply brief).