### 40603, 40598. CITY OF ATLANTA v. GILMERE et al.; and vice versa.

WELTNER, Justice.

Gilmere obtained a judgment against Craig arising out of circumstances wherein Craig, as a police officer of the City of Atlanta, was acting in the scope of his governmental employment while

responding to an emergency. Seeking to collect the judgment, she filed garnishment proceedings against the City of Atlanta. The City answered the summons of garnishment, setting out Craig's earnings, alleging a certain sum to be exempt from garnishment, and paying the remainder into court. Gilmere traversed the answer of the City, and filed a motion for summary judgment, as did the City.

The trial court granted Gilmere's motion for summary judgment and entered judgment against the City of Atlanta for the entire amount of the judgment which Gilmere previously had obtained against Craig.

The Court of Appeals affirmed the holding to the City's liability. We granted the City's petition for writ of certiorari, positing the following question: "Whether OCGA § 18-4-21 (Code Ann. § 43-306) waives municipal immunity from lawsuit when the judgment serving as the basis for issuance of the summons of garnishment arises out of liability incurred in the scope of the official's or employee's governmental employment while responding to an emergency."

The issue here is, of course, whether OCGA § 18-4-21 (Code Ann. § 43-306) serves to eliminate *pro tanto* the immunity of municipal governments from liability for the torts of its agents. That section provides in part as follows:

"(a) Money due officials or employees of a municipal corporation or county of this state or of the state government, or any department or institution thereof, as salary for services performed for or on behalf of the municipal corporation or county of this state, or the state, or any department or institution thereof, shall be subject to garnishment, except in no event may the officials' or employees' salary for services performed for or on behalf of any municipal corporation or county of this state, or the state, or any department or institution thereof, be garnisheed where the judgment serving as a basis for the issuance of the summons of garnishment arises out of the liability incurred in the scope of the officials' or employees' governmental employment while responding to an emergency. *In such cases,* the summons shall be directed to such political entity and served upon the person authorized by law to draw the warrant on the treasury of the government or to issue a check for such salary due, or upon the chief administrative officer of the political subdivision, department, agency, or instrumentality; and such entity is required to answer the summons in accordance with the mandate thereof and as provided by this chapter." (Emphasis supplied.)

The history of this Code section militates against the relief granted by the trial court.

In 1976, the General Assembly enacted a broad revision of the laws pertaining to garnishment, then codified as Ga. Code Ann. Ch.

46-1; Ga. L. 1976, p. 1608, et seq. Former § 46-306 of the new chapter (Ga. L. 1976, pp. 1613, 1615) provided, in part, as follows:

"Salaries due officials or employees of the State government and of its political subdivisions, departments, agencies and instrumentalities shall be subject to garnishment. *In such cases* the summons shall be directed to such political entity and served upon the person authorized by law to draw the warrant on the treasury of the government or to issue a check for such salary so due, or upon the chief administrative officer of the political subdivision, department, agency or instrumentality, and such entity is required to answer said summons in accordance with the mandate thereof, and as provided by this Code Title." (Emphasis supplied.)

The following year, former Ga. Code Ann. § 46-306 was amended by Ga. L. 1977, p. 634, et seq., by striking that section in its entirety and inserting a new section, also known as Code Ann. § 46-306, in part as follows:

"46-306. Money due officials or employees of an incorporated town, an incorporated city, an incorporated county or the State government, or any department or institution thereof, as salary for services performed for or on behalf of said town, city, county, or state, or any department or institution thereof, shall be subject to garnishment, except however, in no event may the officials' or employees' salary for services performed for or on behalf of any town, city, county or State, or any department or institution thereof, be garnisheed where the judgment serving as a basis for the issuance of the summons of garnishment arises out of the liability incurred in the scope of the officials' or employees' governmental employment while responding to an emergency. *In such cases,* the summons shall be directed to such political entity and served upon the person authorized by law to draw the warrant on the treasury of the government or to issue a check for such salary due, or upon the chief administrative officer of the political subdivision, department, agency or instrumentality, and such entity is required to answer said summons in accordance with the mandate thereof, and as provided by this Code Title." (Emphasis supplied.)

It will be seen that the function of the 1977 amendment was to shield from the reach of garnishment the salary of a public employee if the judgment upon which such garnishment proceedings is based arose "out of the liability incurred in the scope of the officials' or employees' governmental employment while responding to an emergency." Other than the exemption, the section remains substantially as enacted during the preceding year. Specifically, the last sentence of the section, beginning with the phrase "In such cases" remains without substantive change.

Hence, we cannot agree that when the General Assembly left that provision substantially unchanged, but inserted theretofore the exemption, it thereby saddled public agencies with a tort liability from which they have been immune from time immemorial.

Implied waivers of governmental immunity should not be favored. *National Distrib. Co. v. Dept. of Transp.,* 248 Ga. 451, 453 (283 SE2d 470) (1981). See also OCGA § 36-33-3 (Code Ann. § 69-307): "A municipal corporation shall not be liable for the torts of policemen or other officers engaged in the discharge of the duties imposed on them by law."

Accordingly, no portion of Craig's salary is subject to garnishment under Gilmere's judgment by virtue of the express terms of the 1977 Act (the constitutionality of which is not here questioned), nor is the City of Atlanta liable, to any extent, to pay Gilmere's judgment.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 4, 1984.

*Marva Jones Brooks, Mary Carole Cooney,* for appellant. *J. M. Raffauf,* for appellees.