S08G0322. CURRID et al. v. DeKALB STATE COURT
PROBATION DEPARTMENT et al.

(674 SE2d 894)

MELTON, Justice.

We granted certiorari in this case to determine whether the Court of Appeals erred in concluding that the language of the

Community Service Act, OCGA § 42-8-71 (d) et seq., did not create a statutory waiver of a county's sovereign immunity. See Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e). For the reasons that follow, we affirm the judgment of the Court of Appeals.

The record reveals that, while performing court-ordered community service work in connection with a DUI plea deal, Vincent Currid ("Decedent") fell off of the rear catwalk of a DeKalb County sanitation truck and sustained several injuries, including a serious head injury. He died several weeks later while still hospitalized for his injuries. On December 10, 2001, Decedent's brother, as administrator of Decedent's estate, and Decedent's father (hereinafter collectively "Decedent's Estate") sued the DeKalb State Court Probation Department and the DeKalb County Public Works Department,[1] various individuals, and the Georgia Department of Corrections, alleging that DeKalb proximately caused Decedent's wrongful death. On September 12, 2003, the trial court granted DeKalb's motion for summary judgment, except to the extent that the county waived immunity by purchasing automobile liability insurance pursuant to OCGA § 33-24-51.[2] As part of its ruling, the trial court also concluded that DeKalb was entitled to protection under OCGA § 42-8-71, the Community Service Act,[3] because the record was devoid of any evidence of gross negligence regarding Decedent's community service assignment. The court also ruled that a waiver signed by Decedent entitled DeKalb to summary judgment. Decedent's Estate appealed, and the Court of Appeals reversed, finding that a jury question existed as to whether DeKalb's actions in assigning Decedent to the sanitation truck constituted gross negligence, which would defeat the protections afforded DeKalb under the Community Service Act and the waiver that Decedent signed. *Currid v. DeKalb State Court Probation Dept.*, 274 Ga. App. 704 (618 SE2d 621) (2005) (hereinafter "*Currid I*").

---

[1] Only these entities are parties to this appeal, and they shall hereinafter be referred to collectively as "DeKalb" or "DeKalb County."

[2] OCGA § 33-24-51 (b) provides that

[t]he sovereign immunity of local government entities for a loss arising out of claims for the negligent use of a covered motor vehicle is waived . . . [w]henever . . . a county . . . shall purchase the insurance authorized by subsection (a) of this Code section to provide liability coverage for the negligence of any duly authorized officer, agent, servant, attorney, or employee in the performance of his or her official duties.

[3] OCGA § 42-8-71 (d) provides that

[n]o agency or community service officer shall be liable at law as a result of any of his acts performed while participating in a community service program. This limitation of liability does not apply to actions on the part of any agency or community service officer which constitute gross negligence, recklessness, or willful misconduct.

Following remand, DeKalb filed a Motion to Limit Damages, arguing that sovereign immunity and OCGA § 33-24-51 barred Decedent's Estate from recovering damages in excess of the limits of DeKalb's motor vehicle liability insurance. The trial court denied this motion and allowed the trial to proceed without any limitation on damages.[4] On August 21, 2006, the jury returned a verdict in favor of Decedent's Estate in the amount of $5,110,391. DeKalb appealed, and the Court of Appeals of Georgia reversed, holding that sovereign immunity barred the Estate's claims against DeKalb County, because the language of the Community Service Act did not create a statutory waiver of DeKalb's sovereign immunity. *DeKalb State Court Probation Dept. v. Currid*, 287 Ga. App. 649 (653 SE2d 90) (2007) (hereinafter *"Currid II"*).[5]

"The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e). See also *Gilbert v. Richardson*, 264 Ga. 744, 748 (3) (452 SE2d 476) (1994) ("we hold that sovereign immunity is waived by any legislative act which *specifically* provides that sovereign immunity is waived *and* the extent of such waiver") (emphasis supplied); OCGA § 33-24-51. In this regard, "[i]mplied waivers of governmental immunity should not be favored." (Citation omitted.) *City of Atlanta v. Gilmere*, 252 Ga. 406, 409 (314 SE2d 204) (1984); cf. *College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.*, 527 U. S. 666, 682 (IV) (119 SC 2219, 144 LE2d 605) (1999)

---

[4] Decedent's Estate abandoned its motor vehicle claims relating to OCGA § 33-24-51 and decided to pursue its case at trial under the sole theory that DeKalb was liable based on its actions under the Community Service Act.

[5] In *Currid I*, the Court of Appeals specifically declined to address whether DeKalb County's waiver of sovereign immunity pursuant to OCGA § 33-24-51 "supersede[d] the county's liability under the Community Service Act." *Currid I*, 274 Ga. App. at 707 (1), n. 8. Nor did the court "address whether the Community Service Act contained a waiver of sovereign immunity." *Currid II*, 287 Ga. App. at 650. Instead, the court in *Currid I* bypassed the issue of sovereign immunity and decided the case based on factual issues relating to gross negligence. Indeed, in light of the Court of Appeals' failure to address sovereign immunity, DeKalb continued its efforts to obtain an express ruling on this issue in the trial court following remand. Without an express ruling on the sovereign immunity issue in *Currid I*, the law of the case rule as articulated in OCGA § 9-11-60 (h) is inapplicable here. OCGA § 9-11-60 (h) ("any *ruling* by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be") (emphasis supplied); see also *Parks v. State Farm Gen. Ins. Co.*, 238 Ga. App. 814, 815 (1) (520 SE2d 494) (1999) (law of the case rule "applies only to actual *decisions*, not to issues raised by the parties but never ruled upon") (emphasis in original). We decline to expand the law of the case rule of OCGA § 9-11-60 (h) to encompass an "implied" ruling on an "implied" finding of a waiver of sovereign immunity in *Currid I* when the issue of sovereign immunity simply was not addressed in *Currid I*.

("[W]aivers [of sovereign immunity] are not [to be] implied" in the context of State allowing itself to be sued in federal court).

As stated previously, OCGA § 42-8-71 (d) provides that

[n]o agency or community service officer shall be liable at law as a result of any of his acts performed while participating in a community service program. This limitation of liability does not apply to actions on the part of any agency or community service officer which constitute gross negligence, recklessness, or willful misconduct.

In construing this statute,

we apply the fundamental rules of statutory construction that require us to construe [the] statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage. At the same time, we must seek to effectuate the intent of the legislature.

(Citations omitted.) *Slakman v. Continental Cas. Co.*, 277 Ga. 189, 191 (587 SE2d 24) (2003). Here, the plain language of the statute creates a limitation of liability for any "agency or community service officer . . . participating in a community service program," and goes on to clarify that *"[t]his* limitation of liability [i.e., the specific limitation of liability *created* by the statute itself] does not apply to actions on the part of any agency or community service officer which constitute gross negligence, recklessness, or willful misconduct." Nowhere in the statute has the Legislature "specifically provide[d] that sovereign immunity [has been] waived and the extent of such waiver" (Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e)), and, without specific statutory language providing for (1) a waiver of sovereign immunity *and* (2) the extent of such waiver, no waiver can be shown. *Gilbert*, supra, 264 Ga. at 748 (3); *City of Atlanta*, supra, 252 Ga. at 409 ("Implied waivers of governmental immunity should not be favored") (citation omitted).

The plain language of the Community Service Act fails both prongs of the constitutional test, as it provides for neither a specific waiver of sovereign immunity nor the extent of any waiver. The statute indicates only that the limitation of liability contained therein protects those entities participating in community service programs that otherwise would not be immune from suit, not that those entities that are already immune from suit have waived their sovereign immunity when participating in a community service program. See *Norton v. Cobb*, 284 Ga. App. 303 (1) (643 SE2d 803)

(2007) (trial court erred in finding implicit waiver of county's sovereign immunity in the Recreational Property Act, OCGA § 51-3-20 et seq., where there was no explicit language in the Act that waived sovereign immunity); *Hendon v. DeKalb County*, 203 Ga. App. 750, 756 (2) (c) (417 SE2d 705) (1992) (county could not be held vicariously liable for the wanton and wilful misconduct or bad faith of its officers and employees under OCGA § 46-5-131 (a) (providing emergency "911" telephone services) where statute, on its face, did not specifically provide that sovereign immunity of the county was waived and the extent of the waiver). For example, under the Community Service Act, an "agency" can be "any *private* or public agency or organization approved by the court to participate in a community service program." (Emphasis supplied.) OCGA § 42-8-70 (a) (1). Private agencies that are approved to participate in community service programs would not be entitled to sovereign immunity, but they would be entitled to the protection afforded to them by the limitation of liability provision specifically contained in the Community Service Act. See OCGA § 42-8-71 (d). Similarly, State entities that would otherwise enjoy sovereign immunity, but have specifically waived such immunity pursuant to the Georgia Tort Claims Act (OCGA § 50-21-20 et seq.), would still be entitled to the protection afforded by the Community Service Act while participating in a community service program. The waiver of sovereign immunity contained in the Georgia Tort Claims Act does not apply to counties. OCGA § 50-21-22 (5). Because the Community Service Act does not contain language providing for an express waiver of a county's sovereign immunity and the extent of such waiver, the Court of Appeals properly concluded that no waiver of DeKalb County's sovereign immunity was shown here.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 23, 2009.

*Charles A. Mathis, Jr., Martin & Jones, Clinton W. Sitton, Samuel L. Starks*, for appellants.

*Constangy, Brooks & Smith, Wade W. Mitchell, R. Carl Cannon, Jena S. Tarabula*, for appellees.