S12G0133. GATES et al. v. GLASS et al.

(729 SE2d 361)

THOMPSON, Justice.

We granted a writ of certiorari to the Court of Appeals in *Glass v. Gates*, 311 Ga. App. 563 (716 SE2d 611) (2011), and posed this question: Whether the definition of "any motor vehicle" in OCGA § 33-24-51 (a) continues to be the broader definition of the term provided for in prior case law,[1] notwithstanding the 2002 passage of OCGA § 36-92-1. We answer in the affirmative.

Having been assigned to road detail, Jonathan Glass and Tony Smith, inmates at the Troup County Correctional Institution, were operating tractors with attached bush hogs when Smith's tractor got stuck in a ditch. Donrell Gates, Glass' detail supervisor, instructed the men to attach a chain to the tractors so Glass could use his tractor to pull Smith's tractor from the ditch. As Glass did so, Smith engaged

---

[1] See, e.g., *Crider v. Zurich Ins. Co.*, 222 Ga. App. 177, 179-180 (2) (474 SE2d 89) (1996) (term "any motor vehicle" as used in OCGA § 33-24-51 encompasses a backhoe even though it is not designed primarily for use on public road).

his tractor's bush hog, causing a rock to take flight and pierce Glass' throat. Glass bled profusely and died later that day.

Plaintiffs, Glass' minor son and the executor of his estate, brought this wrongful death and survivor action against Troup County and Gates. The county sought summary judgment, claiming plaintiffs' claims were barred by sovereign immunity.[2] Plaintiffs argued the county waived sovereign immunity under OCGA § 33-24-51 (a)[3] and (b)[4] by purchasing two liability insurance policies, a general liability policy and an automobile liability policy, both of which were in place at the time of Glass' death and provided coverage of up to $1,000,000. The county asserted that by revising OCGA § 33-24-51 (b) in 2002, effective January 1, 2005, the legislature demonstrated its intent to apply the more narrow definition of "motor vehicle" found in OCGA § 36-92-1 (6)[5] in determining whether a local

---

[2] Gates moved for summary judgment on the ground that plaintiffs' claims were barred by official immunity. The trial court granted Gates' motion, and the Court of Appeals reversed, finding a genuine issue of material fact exists as to whether Gates was engaged in a discretionary or ministerial duty. *Glass*, supra at 574 (2). We do not address that ruling.

[3] This subsection reads:

(a) A municipal corporation, a county, or any other political subdivision of this state is authorized in its discretion to secure and provide insurance to cover liability for damages on account of bodily injury or death resulting from bodily injury to any person or for damage to property of any person, or for both arising by reason of ownership, maintenance, operation, or use of any motor vehicle by the municipal corporation, county, or any other political subdivision of this state under its management, control, or supervision, whether in a governmental undertaking or not, and to pay premiums for the insurance coverage.

[4] This subsection previously read, in part:

(b) Whenever a municipal corporation, a county, or any other political subdivision of this state shall purchase the insurance authorized by subsection (a) of this Code section to provide liability coverage for the negligence of any duly authorized officer, agent, servant, attorney, or employee in the performance of his official duties, its governmental immunity shall be waived to the extent of the amount of insurance so purchased.

As revised, it now reads:

(b) *The sovereign immunity of local government entities for a loss arising out of claims for the negligent use of a covered motor vehicle is waived as provided in Code Section 36-92-2.* Whenever a municipal corporation, a county, or any other political subdivision of this state shall purchase the insurance authorized by subsection (a) of this Code section to provide liability coverage for the negligence of any duly authorized officer, agent, servant, attorney, or employee in the performance of his or her official duties *in an amount greater than the amount of immunity waived as in Code Section 36-92-2, its governmental immunity shall be waived to the extent of the amount of insurance so purchased. Neither the municipal corporation, county, or political subdivision of this state nor the insuring company shall plead governmental immunity as a defense; and the municipal corporation, county, or political subdivision of this state or the insuring company may make only those defenses which could be made if the insured were a private person.* (Emphasis supplied.)

[5] This subsection defines a "motor vehicle" narrowly as "any automobile, bus, motorcycle, truck, trailer, or semitrailer, including its equipment, and any other equipment permanently

government waived sovereign immunity by purchasing liability insurance on a motor vehicle. The trial court agreed and granted summary judgment in favor of the county, concluding that the county did not waive sovereign immunity because neither a tractor nor a bush hog can be deemed a "motor vehicle" under OCGA § 36-92-1. In a well-reasoned opinion, the Court of Appeals reversed, holding that the previously used, broader definition of "motor vehicle" should be applied under OCGA § 33-24-51 and that, therefore, the county waived sovereign immunity as long as it purchased insurance policies providing coverage for the tractor and bush hog used by Smith.[6] We agree with the reasoning of the Court of Appeals and affirm its judgment.

An examination of OCGA § 36-92-1 et seq., as well as the earlier and revised versions of OCGA § 33-24-51 (a) and (b), demonstrates an intent on the part of the legislature to create a two-tier scheme within which local governments are deemed to have waived sovereign immunity with regard to accidents arising from the operation of their motor vehicles. The first tier, established under OCGA § 36-92-1 et seq., requires local entities to waive sovereign immunity — up to certain prescribed limits — for incidents involving motor vehicles regardless of whether they procure automobile liability insurance.[7] The second tier, enacted by OCGA § 33-24-51 (b), and as revised in 2002, provides for the waiver of sovereign immunity to the extent a local entity purchases liability insurance in an amount exceeding the

---

attached therto, designed or licensed for use on the public streets, roads, and highways of the state." This definition applies to terms "used in this chapter," i.e., OCGA § 36-92-1 et seq.

[6] The parties disagree as to whether the county's policies provide that coverage. Thus, as the Court of Appeals noted, the trial court must determine on remand if the county's insurance policies cover the tractor and bush hog.

[7] In this regard, OCGA § 36-92-2 provides, in part:

(a) The sovereign immunity of local government entities for a loss arising out of claims for the negligent use of a covered motor vehicle is waived up to the following limits:

(1) $100,000.00 because of bodily injury or death of any one person in any one occurrence, an aggregate amount of $300,000.00 because of bodily injury or death of two or more persons in any one occurrence, and $50,000.00 because of injury to or destruction of property in any one occurrence, for incidents occurring on or after January 1, 2005, and until December 31, 2006;

(2) $250,000.00 because of bodily injury or death of any one person in any one occurrence, an aggregate amount of $450,000.00 because of bodily injury or death of two or more persons in any one occurrence, and $50,000.00 because of injury to or destruction of property in any one occurrence, for incidents occurring on or after January 1, 2007, and until December 31, 2007; and

(3) $500,000.00 because of bodily injury or death of any one person in any one occurrence, an aggregate amount of $700,000.00 because of bodily injury or death of two or more persons in any one occurrence, and $50,000.00 because of injury to or destruction of property in any one occurrence, for incidents occurring on or after January 1, 2008.

limits prescribed in OCGA § 36-92-2. It follows that, where, as here, a local entity purchases automobile liability insurance in an amount greater than the prescribed limits set forth for a waiver of sovereign immunity under OCGA § 36-92-1 et seq., the entity waives sovereign immunity to the extent of its insurance coverage as required by OCGA § 33-24-51 (b) — and the broad definition of "any motor vehicle" set forth in OCGA § 33-24-51 applies. That is because, as the Court of Appeals observed,[8] in enacting OCGA § 36-92-1 et seq., the legislature expressly defined terms, including the definition of "motor vehicle," which were to be. "used in this chapter"[9] and specified that "[t]his chapter shall not be construed to affect any claim or cause of action otherwise permitted by law and for which the defense of sovereign immunity is not available."[10] If the legislature intended to do otherwise, i.e., to apply a narrow definition of "motor vehicle" to situations in which local governments purchased automobile liability insurance coverage for amounts over and above the prescribed sovereign immunity limits, "it would have done so explicitly." *Georgia Dept, of Revenue v. Owens Corning*, 283 Ga. 489, 490 (660 SE2d 719) (2008).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 2, 2012.

*Freeman, Mathis & Gary, Donald J. Grate, Joshua B. Portnoy, Sun S. Choy*, for appellants.

*Michael L. Neff, Timothy S. Peagler, George B. Spears*, for appellees.

*Brown, Readdick, Bumgartner, Carter, Strickland & Watkins, Richard K. Strickland, Steven G. Blackerby*, amici curiae.

---

(b) The sovereign immunity of local government entities for a loss arising out of claims for the negligent use of a covered motor vehicle is waived only to the extent and in the manner provided in this chapter and only with respect to actions brought in the courts of this state. This chapter shall not be construed to affect any claim or cause of action otherwise permitted by law and for which the defense of sovereign immunity is not available. . . .

[8] *Glass v. Gates*, supra at 572.
[9] OCGA § 36-92-1.
[10] OCGA § 36-92-2 (b).