**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 24, 2016**

# In the Court of Appeals of Georgia

A15A1747. RAW PROPERTIES, INC. v. LAWSON, TAX COMMISSIONER, et al.

MCMILLIAN, Judge.

Raw Properties, Inc. ("RPI") appeals the trial court's order holding that RPI's claims for damages against Claudia G. Lawson, DeKalb County Tax Commissioner ("Tax Commissioner"), and DeKalb County (collectively "Defendants") are barred by the doctrine of sovereign immunity. For the reasons set forth below, we find no error and affirm.

"We review de novo a trial court's ruling on a motion to dismiss based on sovereign immunity grounds, which is a matter of law. Factual findings are sustained if there is evidence supporting them, and the burden of proof is on the party seeking

the waiver of immunity." (Citation and punctuation omitted.) *Ga. Dept. of Cmty. Health v. Neal*, 334 Ga. App. 851, 852 (780 SE2d 475) (2015).

In 2005, RPI acquired title to a piece of commercial property located in DeKalb County (the "Property"). At that time, RPI's address of record was 5350 Snapfinger Woods Dr., Decatur, Georgia 30035 ("Decatur Address"). RPI later relocated to Sparta, Georgia, and in 2008, RPI returned a property tax installment payment for the Property with written notice that its address had changed to 407 Mill House Road, Sparta, Georgia 31087 ("Sparta Address"). In 2008, 2009, and 2010, RPI received its tax statements and bills for the Property at the Sparta Address.

RPI concedes that it did not timely pay the 2010 DeKalb County property taxes for the Property. And in May 2011, the DeKalb County Tax Commissioner sold the Property at a tax sale after the taxes remained unpaid. Although RPI was able to reclaim its Property from the tax sale purchaser, it was required to pay approximately $26,000 in expenses, including the statutory redemption premium. In February 2012, RPI filed suit against DeKalb County and Lawson in her official capacity as the Tax Commissioner, seeking damages for the expenses incurred in reclaiming the Property and for attorney fees. Specifically, RPI alleged that the Tax Commissioner's office failed to comply with several statutory requirements by failing to properly send: (1)

2

a notice of intent to issue a fi. fa. pursuant to OCGA § 48-3-3;[1] (2) an entry and notice of levy pursuant to OCGA §§ 48-3-9 (a)[2] and 9-13-13;[3] and (3) final notice of the

[1] At the time RPI filed its action, OCGA § 48-3-3 provided, in pertinent part:

(b) The tax collector or tax commissioner shall issue executions for nonpayment of taxes collectable by the tax collector or tax commissioner at any time after 30 days have elapsed since giving notice as provided in subsection (c) . . .

(c) As soon as the last day for the payment of taxes has arrived, the tax collector or tax commissioner shall notify in writing the taxpayer of the fact that the taxes have not been paid and that, unless paid, an execution shall be issued; provided, however, that notice shall not be required for taxes due on personal property and executions may be issued on the day next following the day when taxes are due.

 . . .

(e) (1) Whenever technologically feasible, the tax collector or tax commissioner, at the time tax bills or any subsequent delinquent notices are mailed, shall also mail such bills or notices to any new owner that at that time appear in the records of the county board of assessors. The bills or notices shall be mailed to the address of record as found in the county board of assessors' records.

[2] OCGA § 48-3-9 (a) provides:

3

impending tax sale pursuant to OCGA § 48-4-1[4] (collectively the "Notices"). RPI also

> Whenever any real estate is levied upon by the sheriff for taxes, it shall be the sheriff's duty before proceeding to advertise the property for sale as provided by law to give 20 days' written notice of the levy to the record owner of the property and the record owner of each security deed and mortgage affecting such property as provided in subsection (b) of this Code section. The period of 20 days shall begin to run from the time the notice is personally delivered or, when delivered by registered or certified mail or statutory overnight delivery as provided in this Code section, from the date of its mailing. The notice shall contain a description of the land levied upon, the name of the owner of the land, the year or years for which the taxes were assessed, and a statement of the amount of the taxes due, together with the accrued cost. The notice shall be delivered to the owner and any secured parties entitled to notice either in person or by registered or certified mail or statutory overnight delivery, with return receipt requested, at the address given on the list. The sheriff shall keep a copy of the notice on which he or she shall enter the date the notice was delivered and how, where, and to whom the notice was delivered.

[3] OCGA § 9-13-13 (b) states that an officer "levying on land under an execution, within five days thereafter, shall leave a written notice of the levy with the tenant in possession of the land, if any." However, "if the defendant is not in possession, the officer shall also leave a written notice with the defendant if he is in the county or shall transmit the notice by mail to the defendant within the time aforesaid." Id.

[4] OCGA § 48-4-1 provides, in pertinent part:

4

alleged that one or more employees of the Tax Commissioner entered the Sparta

---

(a) (1) Except as otherwise provided in this title, when a levy is made upon real or personal property, the property shall be advertised and sold in the same manner as provided for executions and judicial sales. Except as otherwise provided in this title, the sale of real or personal property under a tax execution shall be made in the same manner as provided for judicial sales; provided, however, that in addition to such other notice as may be required by law, in any sale under a tax execution made pursuant to this chapter, the defendant shall be given ten days' written notice of such sale by registered or certified mail or statutory overnight delivery. The notice required by this Code section shall be sent:

(A) In cases of executions issued by a county officer for ad valorem taxes, to the defendant's last known address as listed in the records of the tax commissioner of the county that issued the tax execution;

(B) In cases of executions issued by a municipal officer for ad valorem taxes, to the defendant's last known address as listed in the records of the municipal officer of the municipality that issued the tax execution; or

(C) In cases of executions issued by a state officer, to the defendant's last known address as listed in the records of the department headed by the issuing officer.

5

Address on the certified mail receipt for one of the Notices, despite evidence that the notice had actually been mailed to the Decatur Address.

Defendants concede that, due to some undetermined cause, the address in the records of the Tax Commissioner was outdated, reflecting the Decatur Address rather than the Sparta Address; therefore, most, if not all, of the Notices were mailed to the Decatur Address. However, Defendants allege that beginning in March 2011, an employee in the Tax Commissioner's office contacted RPI's CEO via telephone regarding RPI's delinquent property taxes and pending tax sale and continued to speak with him and/or leave messages on his voicemail through the end of April 2011. Thus, Defendants claim that RPI had actual notice of the unpaid taxes and pending tax sale.[5]

Following discovery, the parties filed cross-motions for summary judgment. In March 2013, the trial court conducted a hearing on the motions before entering an order in July 2013 granting summary judgment in favor of Defendants. RPI timely appealed from that order. On appeal, Defendants asserted, for the first time, that RPI's

---

[5] The Defendants also assert that they advertised the pending tax sale in the Champion newspaper for four consecutive weeks prior to the tax sale. And on May 2, 2011, an agent of the Tax Commissioner posted notice of the pending tax sale at the Property affixed to the sign in front of the building.

claims were barred by the doctrine of sovereign immunity. Because the trial court had not considered the issue, this Court remanded the action to the trial court to resolve the Defendants' assertion of sovereign immunity.[6] Following a hearing, the trial court issued a final order finding that the Defendants are immune from suit on RPI's claims. This appeal followed.

1. RPI asserts that the trial court erred in finding that its claims against the Defendants are barred by the doctrine of sovereign immunity. The doctrine of sovereign immunity applies "to the state and all of its departments and agencies," Ga. Const. of 1983, Art. I, Sec. II., Par. IX (e), including counties. *Gilbert v. Richardson*, 264 Ga. 744, 747 (2) (452 SE2d 476) (1994). "And county officers sued in their official capacities – since a suit against a county officer in her official capacity *is* a suit against the county itself – enjoy the same sovereign immunity." (Citation omitted; emphasis in original.) *Layer v. Barrow County*, 297 Ga. 871, 871 (1) (778 SE2d 156) (2015). This immunity "can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and

---

[6] Although Defendants did not raise the issue in the trial court before the first appeal, this failure does not constitute a waiver. Because sovereign immunity implicates the trial court's subject matter jurisdiction to try the case, it cannot be waived and may be raised at any time either in the trial court or on appeal. See *Dept. of Transp. v. Kovalcik*, 328 Ga. App. 185, 190 (1) (b) (761 SE2d 584) (2014).

the extent of such waiver." Ga. Const. of 1983, Art. I, Sec. II., Par. IX (e). See *Currid v. DeKalb State Court Probation Dept.*, 285 Ga. 184, 186 (674 SE2d 894) (2009) (no waiver found in the Community Service Act as it failed both prongs of the constitutional test).

Here, none of the notice provisions relied upon by RPI include any language whatsoever regarding a waiver of sovereign immunity. See OCGA §§ 48-3-3; 48-3-9 (a); 48-4-1. However, RPI asserts that the General Assembly nonetheless has waived sovereign immunity with respect to its claims against the Defendants by pointing to a number of other statutes that describe how tax commissioners are authorized to act as ex officio sheriffs and how sheriffs may be held liable for making a "false return" or neglecting to make a "proper return."

RPI turns first to OCGA § 48-5-137 (a), which grants tax collectors and tax commissioners the authority to act as "ex officio sheriffs insofar as to enable them to collect taxes due the state and county by levy and sale under tax execution." This statute further provides:

> In carrying out this Code section, tax collectors or tax commissioners shall have the power and authority to appoint one or more deputies with all the powers of the tax collectors or tax commissioners while acting as ex officio sheriffs in the levy and collection of taxes. Each deputy shall

8

be required to give bond as may be required by the tax collectors or tax commissioners under the law. *Each tax collector or tax commissioner shall be responsible for the acts of the deputy or deputies in the same manner and to the same degree as sheriffs are liable for the acts of their deputies.*

OCGA § 48-5-137 (d) (emphasis added).

Relying on the last sentence of OCGA § 48-5-137, RPI next draws our attention to OCGA § 15-13-2 (1) and (5), which expressly waives sovereign immunity for sheriffs in an action for damages for the following specific claims:

(1) Making a false return;

. . .

(5) Neglecting to make a proper return of any writ, execution, or other process put into the hands of the sheriff.

Thus, construing OCGA §§ 48-5-137 (a) and (d) and 15-13-2 (1) and (5) together, RPI argues that the Tax Commissioner is liable as an ex-officio sheriff, whose sovereign immunity is waived because the "deputies" in her office failed to mail the Notices to the correct address prior to the tax sale of the Property, and the failures to mail the Notices to the correct address and to keep accurate records of the mailings

9

are either a "false return" or a neglect to make a "proper return" pursuant to OCGA § 15-13-2 (1) and (5).[7]

Defendants counter that OCGA § 48-5-137 (d) does not waive the sovereign immunity for a tax commissioner acting as ex officio sheriff because the statute only provides that tax commissioners shall be "*responsible*" for the acts of their deputies to the same degree as sheriffs are "*liable*" for the acts of their deputies. According to Defendants, responsibility is much different than liability, and thus this language does not provide for a specific waiver of sovereign immunity with respect to tax commissioners. Pretermitting whether this language passes both prongs of the constitutional test required to find a waiver of sovereign immunity[8] for a tax commissioner acting as an ex officio sheriff, we find that the acts complained of here

_____

[7] RPI also asserts that in *Brooks v. Rooney*, 11 Ga. 423 (1852), our Supreme Court held that a sheriff may be liable for damages for neglect of laws in the advertisement of a sale of property. However, under our current Georgia Constitution, only an act of the General Assembly can waive the sovereign immunity of the state and its departments and agencies. See Ga. Const. of 1983, Art. I, Sec. II., Par. IX (e). See *Ga. Dept. of Natural Resources v. Center for a Sustainable Coast, Inc.*, 294 Ga. 593, 597-98 (2) (755 SE2d 184) (2014) (setting out history of sovereign immunity in Georgia).

[8] See *Currid*, 285 Ga. at 186 ("sovereign immunity is waived by any legislative act which *specifically* provides that sovereign immunity is waived *and* the extent of such waiver") (citation and punctuation omitted; emphasis in original).

10

– improperly addressed Notices and a certified mail receipt with an address where the notice was not mailed – do not fall within the categories of acts for which the General Assembly has expressly waived sovereign immunity for sheriffs.

Because statutes that provide for a waiver of sovereign immunity, such as OCGA § 15-3-2, are in derogation of the common law, they "are to be strictly construed *against* a finding of waiver." (Citation and punctuation omitted; emphasis in original.) *Bd. of Comm. of Putnam County v. Barefoot*, 313 Ga. App. 406, 409 (1) (721 SE2d 612) (2011). See also *State Bd. of Ed. v. Drury*, 263 Ga. 429, 430 (1) (437 SE2d 290) (1993) ("In this state, sovereign immunity has constitutional status and that doctrine cannot be abrogated by this court.") (citation and punctuation omitted). Here, RPI has pointed to no authority that an improperly addressed notice is the legal equivalent of a "false return," and we find none. Cf. *Fain v. Hutto*, 236 Ga. 915, 918 (3) (225 SE2d 893) (1976) (finding difference between a false return of service and service that is legally insufficient). Nor do we find authority that an improperly addressed notice constitutes legal neglect to make a "proper return."

To the contrary, although the statutes relied upon by RPI do not define the term "return," we find that a "return" as used in this context is a term of art. We note that OCGA § 15-13-2 (5) limits its scope to returns "of any writ, execution, or other

11

process put into the hands of the sheriff." Moreover, OCGA § 15-16-10 (1) provides that it is a sheriff's duty "[t]o execute and return the processes and orders of the courts and of officers of competent authority, if not void, with due diligence, when delivered to him for that purpose, according to this Code." Likewise, OCGA § 15-13-14 provides that "[i]f any sheriff or other officer fails to make a proper return of all writs, executions, and other processes put into his hands . . ., he shall be liable for contempt and may be fined, imprisoned, or removed from office in the manner prescribed by the Constitution and laws of this state." See also OCGA § 15-16-15 (allowing sheriff or other executing officer to amend returns to conform to facts of case); OCGA § 15-16-16 (when sheriff or other executing officer fails to make an official return, court may order entry or return nunc pro tunc to conform to the facts at the time entry should have been made); OCGA § 15-16-21 (b) (5), (13), and (c) (setting out sheriff's fees for search and return of nulla bona, taking and returning counter-affidavit when summary process to dispossess tenant or intruder is resisted, and executing and returning any warrant or serving a citation).

Thus, a review of the statutory obligations of sheriffs with respect to "returns" reveals that in context, OCGA § 15-13-2 (1) and (5) refer to the return of processes and other orders of the court, not simply mailing notices to an incorrect address or

12

inputting an address on a certified mail receipt that does not reflect where the notice was actually mailed. See also Black's Law Dictionary (defining "return" as "[t]he act of a sheriff, constable, or other ministerial officer, in delivering back to the court a writ, notice, or other paper, which he was required to serve or execute, with a brief account of his doings under the mandate, the time and mode of service or execution, or his failure to accomplish it, as the case may be").

Accordingly, guided by our Supreme Court's directive that "implied waivers of governmental immunity should not be favored," we find that under the circumstances of this case, RPI has not met its burden of proof to establish a waiver of the Defendants' sovereign immunity.[9] (Citation and punctuation omitted.) *Currid*, 285 Ga. at 186. The trial court did not err in finding that RPI's claims against Defendants are barred by the doctrine of sovereign immunity.

2. RPI also reasserts its enumerations of error set forth in its prior appeal in Case No. A14A0175. However, because we affirm the trial court's order finding the

---

[9] Although RPI argues that if the trial court's decision is affirmed, tax authorities in Georgia will have no obligation or incentive to follow the statutory requirements governing the seizure and sale of property for taxes, RPI is not without other recourse. On remand, the trial court permitted RPI to amend its complaint to add Lawson as a defendant in her individual capacity. In addition, sovereign immunity is not a bar to an unconstitutional taking claim. See, e.g., *Layer*, 297 Ga. at 872-73 (2). We offer no opinion as to the merits of any further action that RPI might take.

13

Defendants are immune to RPI's claims for the reasons set forth in Division 1, we need not address those remaining enumerations.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*