McFADDEN, Presiding Judge,
concurring fully and specially.
I concur fully in the majority opinion. Because the pleadings do not indicate the existence of a policy, the only waiver of sovereign immunity that could possibly apply would be the automatic waiver described by the majority and our Supreme Court as a “first-tier” waiver. See Gates v. Glass, 291 Ga. 350, 352-353 (729 SE2d 361) (2012). The majority holds, and I reluctantly agree, that a first-tier waiver applies only to losses “arising out of claims for the negligent use of a covered motor vehicle [up to the limits] provided in Code Section 36-92-2.” OCGA § 33-24-51 (b) (emphasis supplied). This, the majority holds and I reluctantly agree, is in contrast to the broader scope of a second-tier waiver, which is effected by the purchase of insurance. A second-tier waiver extends to losses “arising by reason of ownership, maintenance, operation, or use of any motor vehicle.” See OCGA § 33-24-51 (a), (b).
Woody’s claim arose out of the maintenance of a motor vehicle — not the use of a motor vehicle. So his claim is not within the scope of the automatic “first-tier” waiver. And since he did not allege the existence of an insurance policy which would have effected a second-tier waiver, Columbus was entitled to judgment on the pleadings.
I write separately to explain my reluctance. I concur reluctantly for two reasons. First, it is by no means clear that the legislature intended that the scope of a first-tier waiver differ from the scope of a second-tier waiver. Second, as detailed below, when a government *240 entity purchases insurance in an amount equal to or less than the amount of the automatic, first-tier waiver, our analysis would lead to a result the legislature is unlikely to have intended.
As to my first concern, a close reading of OCGA § 36-92-2 suggests that, contrary to our holding, the scope of first- and second-tier waivers is the same. Reading together subsections (a), (b), and (d) (3) of that Code section leads one to the conclusion that the automatic, first-tier waiver and the second-tier waiver effected by the “purchase [ of] commercial liability insurance in an amount in excess of the waiver set forth in [that] Code section,” OCGA § 36-92-2 (d) (3), are both of immunity from liability “for a loss arising out of claims for the negligent use of a covered motor vehicle[.]” OCGA § 36-92-2 (a), (b). On the other hand I agree that a comparison of subsections (a) and (b)ofOCGA § 33-24-51 at least suggests different scopes of waiver for the two different, tiers. My doubts about which interpretation we must adopt are dispelled by the rule that “statutes that provide for a waiver of sovereign immunity . . . are in derogation of the common law, [and so] are to be strictly construed against a finding of waiver.” Raw Properties v. Lawson, 335 Ga. App. 802, 806 (1) (783 SE2d 161) (2016) (citations and punctuation omitted; emphasis in original). But I remain in doubt whether that is the interpretation intended by the General Assembly.
My second concern is that our analysis appears to lead to an anomaly that the General Assembly surely did not intend. That anomaly would arise when a government entity purchases insurance coverage for an amount equal to or less than the amount of the first-tier waiver, the automatic waiver of sovereign immunity established by OCGA § 36-92-2 (a).
OCGA § 33-24-51 (a) authorizes certain government entities to purchase insurance coverage for certain claims “arising by reason of ownership, maintenance, operation, or use of any motor vehicle[.]” OCGA § 33-24-51 (a) (emphasis supplied). As mentioned above, subsection (b) of that Code section sets forth two express waivers of sovereign immunity: the automatic “first-tier” waiver and the “second-tier” waiver, which applies when the government entity has purchased insurance as authorized by subsection (a) “in an amount greater than the amount of immunity waived as in Code Section 36-92-2[.]” OCGA § 33-24-51 (b) (emphasis supplied). Our Supreme Court has interpreted this second tier to “provide[ ] for the waiver of sovereign immunity to the extent a local [government] entity purchases liability insurance in an amount exceeding the limits prescribed in OCGA § 36-92-2.” Gates, supra, 291 Ga. at 352-353.
*241 My concern with the application of this Code section, as it has been interpreted in Gates, supra, is the circumstance where a government entity purchases insurance to cover ownership, maintenance, or operation of a vehicle, as authorized by subsection (a), but in an amount equal to or less than the amount of the first-tier waiver of sovereign immunity, the automatic waiver established by OCGA § 36-92-2 (a). If the claim did not arise from negligent use, the anomaly would arise. Sovereign immunity would not be waived. First-tier immunity would not apply for the reasons set forth in the majority opinion. Second-tier immunity would not apply because the amount of insurance purchased by the government entity did not exceed the limits prescribed in OCGA § 36-92-2 (given the construction of OCGA § 33-24-51 (b) in Gates, supra).
Compare, for example, the following scenarios. “Plaintiff A” asserts a claim against “County A” for damages of $400,000 arising from the negligent maintenance of a county vehicle. Pursuant to OCGA § 33-24-51 (a), “County A” has purchased insurance coverage for claims arising from ownership, maintenance, operation, or use of a motor vehicle. But the limit of that coverage is $500,000, which does not exceed the limits prescribed in OCGA § 36-92-2 (a). So although “County A” has insurance to cover the $400,000 negligent maintenance claim brought by “Plaintiff A,” “County A” has not waived its sovereign immunity as to that claim. “Plaintiff A” cannot proceed with his claim.
“Plaintiff B” also asserts a claim for damages of $400,000 arising from the negligent maintenance of a county vehicle, but his claim is against “County B.” And, pursuant to OCGA § 33-24-51 (a), “County B” has purchased insurance coverage for claims arising from ownership, maintenance, operation, or use of a motor vehicle. But unlike the insurance purchased by “County A,” the insurance purchased by “County B” has a limit of $500,001 and therefore exceeds the prescribed limits of OCGA § 36-92-2 (a) (3) by one dollar. “County B” has waived its sovereign immunity to the negligent maintenance claim under the “second-tier” waiver of OCGA § 33-24-51 (b) for claims up to $500,001. So “Plaintiff B” can proceed against “County B” on his $400,000 claim for negligent maintenance.
I see no reason for this disparate treatment of “Plaintiff A” and “Plaintiff B.” Yet the language of OCGA § 33-24-51, as interpreted by our Supreme Court in Gates, supra, seems to require it.
There is an alternative interpretation of OCGA § 33-24-51 that would avoid this result. As quoted above, subsection (b) of that Code section provides for a waiver of sovereign immunity where the governmental entity has purchased insurance pursuant to OCGA § 33-24-51 (a) “in an amount greater than the amount of immunity *242 waived as in [OCGA §] 36-92-2[.]” OCGA § 33-24-51 03) (emphasis supplied). No immunity is waived for a claim of negligent maintenance (or ownership, or operation) under OCGA § 36-92-2 because that Code section concerns the waiver of immunity only of claims for negligent use. OCGA § 36-92-2 (a). Because no immunity is waived for such claims under OCGA § 36-92-2, insuring against them for any amount greater than zero constitutes insuring them “in an amount greater than the amount of immunity waived” in that statute. And because OCGA § 36-92-2 provides no waiver of sovereign immunity for claims other than negligent use, a government entity’s sovereign immunity to a claim for negligent maintenance (or ownership, or operation) arguably is waived under the plain language of OCGA § 33-24-51 (b) to the extent that the entity has purchased insurance to cover such a claim — whether or not the amount of that insurance exceeds the dollar amounts prescribed in OCGA § 36-92-2.
Decided June 30, 2017.
Page, Scrantom, Sprouse, Tucker & Ford, James C. Clark, Jr., Alan G. Snipes, LaRae D. Moore, Tyler C. Cashbaugh; Clifton C. Fay, Lucy T. Sheftall, for appellant.
Philips Branch & Hodges, Stephen J. Hodges, Brian M. Worstell, for appellee.
But that is not what the Gates decision appears to hold. And statutes relating to sovereign immunity “are to be strictly construed against a finding of waiver.” Raw Properties, supra, 335 Ga. App. at 806 (1) (citation and punctuation omitted; emphasis in original).
I respectfully suggest that the General Assembly reconsider these provisions.