**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**June 2, 2021**

# In the Court of Appeals of Georgia

A21A0041. CENTENNIAL VILLAGE, LLC v. FULTON COUNTY    HO-002
    SCHOOL DISTRICT, et al.

HODGES, Judge.

This dispute arises from Centennial Village, LLC's ("Centennial") attempt to obtain financial contribution from the Fulton County School District and the Fulton County Board of Education (collectively "Fulton County") towards the cost to repair a detention pond. This detention pond collects water runoff from several properties pursuant to written easements, including property owned by Fulton County. Fulton County moved to dismiss the complaint on the basis of sovereign immunity, which the trial court granted. Centennial now appeals, and for the following reasons, we affirm the trial court's judgment.

Georgia law requires us to conduct

> a de novo review of a trial court's ruling on a motion to dismiss. In doing so, our role is to determine whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, and with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts; however, we need not adopt a party's legal conclusions based on these facts.

(Citations and punctuation omitted.) *Dove v. Ty Cobb Healthcare Sys.*, 316 Ga. App. 7, 9 (729 SE2d 58) (2012). Moreover, "[w]hether sovereign immunity has been waived under the undisputed facts of this case is a question of law, and this Court's review is de novo." *Ga. Dept. of Labor v. RTT Assocs., Inc.*, 299 Ga. 78, 81 (1) (786 SE2d 840) (2016).

So viewed, the evidence shows that Centennial is the current owner of Centennial Village, a shopping center in Roswell comprised of various retail stores. Across the street sits Centennial High School, which is owned and operated by Fulton County. In 1994, a prior owner of Centennial's property granted Fulton County "[a] perpetual non-exclusive easement across, over and through [the Centennial] Property for drainage of surface water from [Fulton County's] Property." In 1999, this easement was modified with regard to a specific portion of the current Centennial property, referred to as the Rear Tract. The 1999 modification limited Fulton

2

County's rights in the Rear Tract "to the use, repair and replacement of the existing drainage facilities" and further provided that "[n]othing contained [herein] is intended to interfere with or otherwise reduce the volume of stormwater which can be drained from [Fulton County's] Property."

Subsequently, Centennial's predecessor entered a Restrictive Covenant and Easement Agreement (the "RCEA") with other neighboring property/easement owners, but, notably, not Fulton County. The RCEA provided for the construction, maintenance, repair, and replacement of drainage facilities on what is currently the Centennial property. It created a process for the submission of resulting expenses to the parties to the agreement for payment on a pro rata basis.

After execution of the RCEA, a detention pond and drainage system were constructed on the current Centennial property to handle the drainage from the various properties with easements, including Fulton County. In 2016, the City of Roswell notified Centennial that the drainage pond was in disrepair and needed to be remediated, which Centennial alleges will cost hundreds of thousands of dollars. Centennial sought to obtain financial contribution from Fulton County towards this repair, but Fulton County refused. As a result, Centennial filed suit against Fulton County seeking a declaratory judgment that Fulton County must financially

3

contribute to the repairs and an injunction to prevent Fulton County from failing to contribute.[1]

Fulton County moved to dismiss the complaint on the ground of sovereign immunity. Centennial opposed the motion, contending that the written easement between the parties waived sovereign immunity and contained an implicit obligation to contribute financially to the maintenance of the detention pond which is necessitated, at least in part, by Fulton County's use of its easement. The trial court granted Fulton County's motion to dismiss. Specifically, the trial court found that Centennial failed to meet its burden to demonstrate that sovereign immunity had been waived, and thus the trial court lacked subject matter jurisdiction over the dispute. Centennial timely appealed this order.

In related enumerations of error, Centennial claims that the trial court erred in dismissing its case both by failing to find an implicit duty to contribute to the maintenance and repair of the detention pond and by finding such a duty to be inconsistent with the explicit language of the easement. The basis of the trial court's

---

[1] Centennial also asserted a claim for continuing nuisance/inverse condemnation, but it does not appeal the dismissal of this claim.

4

order, however, was a finding that sovereign immunity barred Centennial's claims. The trial court's finding is correct.

"Sovereign immunity of a state agency is not an affirmative defense, going to the merits of the case, but raises the issue of the trial court's subject matter jurisdiction to try the case, and waiver of sovereign immunity must be established by the party seeking to benefit from that waiver; thus, the plaintiff[] had the burden of establishing waiver of sovereign immunity." (Citation and punctuation omitted.) *Dept. of Transp. v. Dupree*, 256 Ga. App. 668, 671 (1) (570 SE2d 1) (2002) (disapproved of on other grounds by *Dept. of Transp. v. Thompson*, 354 Ga. App. 200 (840 SE2d 679) (2020)). "Simply put, the constitutional doctrine of sovereign immunity forbids our courts to entertain a lawsuit against the State without its consent." *Lathrop v. Deal*, 301 Ga. 408 (801 SE2d 867) (2017). "Under Art. I, Sec. II, Par. IX of the Georgia Constitution of 1983, sovereign immunity extends to a county-wide school district[.]" *Bomia v. Ben Hill County School Dist.*, 320 Ga. App. 423, 424 (740 SE2d 185) (2013). "Jurisdiction of a court to afford the relief sought is a matter which should be decided preliminarily, at the outset. Jurisdiction either exists or does not exist without regard to the merits of the case. Thus, when a court either has or lacks subject matter jurisdiction, despite any conflict in the facts, the trial

5

court should as a threshold issue determine its jurisdiction." (Citations and punctuation omitted.) *Dupree*, 256 Ga. App. at 671-672 (1).

Only the General Assembly may waive sovereign immunity, either through the Constitution or legislation; the courts may not waive sovereign immunity. Ga. Const. Art. I, Sec. 2, Par. IX (e); *Ga. Dept. of Natural Resources v. Center for a Sustainable Coast*, 294 Ga. 593, 597 (2) (755 SE2d 184) (2014). Legislative actions that provide for a waiver of sovereign immunity are in derogation of the common law and thus are to be strictly construed against a finding of waiver. *Raw Properties, Inc. v. Lawson*, 335 Ga. App. 802, 806 (1) (783 SE2d 161) (2016). Our Constitution does indeed waive sovereign immunity for the breach of written contracts. Ga. Const. Art. I, Sec. 2, Par. IX (c). The contract must be in writing, however, for this waiver to apply. *RTT Assocs.*, 299 Ga. at 82 (2). Moreover, "implied waivers of governmental immunity should not be favored." (Citation and punctuation omitted.) *Currid v. DeKalb State Court Probation Dept.*, 285 Ga. 184, 187 (674 SE2d 894) (2009).

Here, it is undisputed that there is a written easement which runs with Centennial's land. It is also undisputed that the easement contains no explicit language imposing a duty on Fulton County to financially contribute towards any repairs or maintenance necessitated by Fulton County's usage of its stormwater

6

drainage easement. Because the easement contains no express contractual term requiring contribution, Centennial implores us to recognize for the first time in Georgia an implicit contractual obligation enumerated by the Restatement (Third) of Property, which provides:

> Unless the terms of a servitude determined under § 4.1 provide otherwise, duties to repair and maintain the servient estate and the improvements used in the enjoyment of a servitude are as follows: (1) The beneficiary of an easement or profit has a duty to the holder of the servient estate to repair and maintain the portions of the servient estate and the improvements used in the enjoyment of the servitude that are under the beneficiary's control, to the extent necessary to (a) prevent unreasonable interference with the enjoyment of the servient estate, or (b) avoid liability of the servient-estate owner to third parties.

Restatement (Third) of Property (Servitudes) § 4.13 (2000). Centennial points us to numerous other jurisdictions which have adopted the Restatement's approach in support of its wisdom.

The General Assembly, however, has never recognized this implicit contractual duty in Georgia. Accordingly, although the Constitution waives sovereign immunity for breach of a written contract, we would be overstepping our role to find that sovereign immunity is waived as a result of a heretofore unrecognized implicit

contractual duty. To do otherwise would be to create a judicial waiver to sovereign immunity, which we may not do.[2] *RTT Assocs.*, 299 Ga. at 85 (2). This case does not require us to decide whether this duty should be recognized in other contexts between private parties, but we will not acknowledge an implicit contractual duty for the first time and simultaneously find that such a newly judicially recognized duty constitutes a waiver of sovereign immunity under the Georgia Constitution. See id. at 82 (2) (recognizing that contract principles which may bind private parties but do not conform to the written contract terms will be insufficient to trigger a waiver of sovereign immunity).

---

[2] Contrary to Centennial's assertion, this precise issue was decided by the trial court in its order when it found "[w]hile the 1999 Easement Modification does refer to repair and maintenance of certain areas, neither the 1994 Easement nor the 1999 Easement Modification imposes a duty to repair or maintain [Centennial's] Property or the Pond. Nevertheless, [Centennial] seeks to impose and enforce a common-law, implied duty that purportedly arises from any easement. At oral argument, [Centennial] acknowledged that the repair and maintenance duties that [Centennial] seeks to read into the 1994 Easement and 1999 Easement Modification have not been codified by the General Assembly or otherwise recognized by Georgia courts. In this context, the Court declines to create contractual duties that are not written, are not based on statutory law, and are inconsistent with the unambiguous language of the easements. Consequently, the claims in [Centennial's] Complaint do not fall within the scope of claims waived by the constitutional sovereign immunity waiver for breach of written contract claims." (Footnote omitted.)

8

Centennial relies on cases in which this Court previously permitted cases to proceed premised on a breach of the implied contractual duty of good faith and fair dealing for the proposition that we may acknowledge a waiver of sovereign immunity based on the implied contractual duty it currently advances. See *DeKalb County School Dist. v. Gold*, 318 Ga. App. 633, 645 (2) (734 SE2d 466) (2012) (overruled on other grounds by *Rivera v. Washington*, 298 Ga. 770 (784 SE2d 775) (2016)); *Dept. of Transp. v. Dalton Paving & Const.*, 227 Ga. App. 207, 224 (9) (b) (489 SE2d 329) (1997) (disapproved of on other grounds by *RTT Assocs.*, 299 Ga. 78); *Dept. of Transp. v. APAC-Georgia, Inc.*, 217 Ga. App. 103, 105 (2) (456 SE2d 668) (1995).

These cases are wholly distinguishable and we need not extend the law of these cases to reach the duty Centennial seeks this Court to recognize. "*Every contract* implies a covenant of good faith and fair dealing in the contract's performance and enforcement." (Emphasis supplied.) *Ceasar v. Wells Fargo Bank, N.A.*, 322 Ga. App. 529, 533 (2) (c) (744 SE2d 369) (2013). "The covenant to perform in good faith is not an independent contract term. It is a doctrine that modifies the meaning of all explicit terms in a contract, preventing a breach of those explicit terms de facto when performance is maintained de jure." (Citation and punctuation omitted.) *Stuart Enterprises Intl. v. Peykan, Inc.*, 252 Ga. App. 231, 233-234 (2) (555

9

SE2d 881) (2001). In contrast, the duty Centennial seeks this Court to recognize is not implied in *every contract*, nor is it one which creates no new substantive rights for the contracting parties. Instead, the implicit duty Centennial seeks to enforce would apply solely in the context of an easement and would create substantial rights for the servient landowner beyond those expressly provided for by the contract. We cannot find that an implicit duty of this nature, even if it exists or should exist in other contexts, permits a waiver of sovereign immunity in the absence of legislative authority recognizing such a duty and a waiver. Simply stated, the cases relied upon by Centennial are inapposite to our analysis. Accordingly, the trial court did not err in dismissing Centennial's claims for lack of subject matter jurisdiction.

*Judgment affirmed. Miller, P. J., and Pipkin, J., concur*.